SPENCER SHOE COMPANY V. JESUS JARAMILLO, ET AL.

Decided December 21, 1904.

**Impeachment of Witness—Identity—Deposition.**

To impeach the evidence of M. C. L., depositions showing statements contradicting it, made by one whom the witnesses called Juan L., were admissible, where other evidence was introduced identifying the person called by them Juan L. as being the same as the M. C. L. who had testified.

Appeal from the County Court of Hays. Tried below before Hon. Ed. R. Kane. ·

*Will G. Barber,* for appellant.

*Fiset & McClendon, for appellee.*

FISHER, Chief Justice.—The Spencer Shoe Company sued Jaramillo and Heidenheimer, Strassburger & Co., for the sum of $384.84, for a bill of goods purchased by Jaramillo from the Spencer Shoe Co., which the latter contends Heidenheimer, Strassburger & Co. assumed the payment of. It seems from the evidence that Heidenheimer, Strassburger & Co. purchased from Jaramillo his stock of goods; and it is contended by appellant that as a part of the consideration Heidenheimer, Strassburger & Co., assumed the payment of the debt due the appellant. This was denied by Heidenheimer, Strassburger & Co.

It is agreed that the only question involved in this appeal is the action of the trial court in admitting certain testimony, as complained of in appellant's bill of exceptions. The appellant, in order to establish the liability of Heidenheimer, Strassburger & Co., placed upon the stand one M. C. Lopez, who testified to the effect that he was present when Heidenheimer, acting for Heidenheimer, Strassburger & Co., purchased from Jaramillo the stock of goods, and that he acted as interpreter between the two; that as a part of the consideration of the purchase, Heidenheimer for Heidenheimer, Strassburger & Co., agreed to pay the debt due by Jaramillo to the Spencer Shoe Company. The witness Lopez in this respect was contradicted by the evidence of Heidenheimer, who testified that no such consideration ever entered into the contract of purchase of the stock of goods from Jaramillo. For the purpose of laying the predicate to impeach or discredit Lopez as a witness, he was upon cross examination asked the question whether he did not, in the month of December, 1901, in the office of Heidenheimer, Strassburger & Co., in Austin, in the presence of Strassburger and one Lowenburger, state to Heidenheimer, in effect, that the latter did not agree to assume and pay any of the debts of Jaramillo when he purchased the stock of goods. The witness Lopez admits that he had an interview with Heidenheimer, but denies that he made the statement about which he was interrogated. For the purpose of impeaching this witness, and affecting his credit as a witness, Heidenheimer, Strassburger & Co. introduced in evidence the deposition of Strassburger and one Lowenburger. Interrogatories were propounded to these two witnesses, asking if they were acquainted with one Juan Lopez, and whether in the month of December, 1901, in their presence said Lopez had a conversation with Heidenheimer in the city of Austin, in which he stated that Heidenheimer did not agree to assume the payment of any of Jaramillo's debts. In response to these interrogatories, these witnesses stated that they were acquainted with Juan Lopez, and that they were present when the conversation occurred between him and Heidenheimer in the city of Austin at the time and place as stated, and to the effect inquired about.

Thereupon the appellant raised an objection to this testimony and moved to exclude the same, because the statements made by one Juan Lopez were not admissible as impeaching testimony affecting the credibility of the witness M. C. Lopez. It is admitted that the witness that testified upon the trial was M. C. Lopez, and was never known by the name of Juan Lopez.

Upon this objection being made by the appellant, the appellees placed upon the stand the witness Heidenheimer, who testified that he never had but the one conversation with M. C. Lopez, and that was at the

time and place as testified to by the witnesses Strassburger and Lowenburger, and that the person Juan Lopez, mentioned by them, is the same as M. C. Lopez. And in this connection it is sufficient to state that his testimony sufficiently identified the person called Juan Lopez by these witnesses as the same person named M. C. Lopez. It does not appear from the record that the appellant was misled by the testimony of Strassburger and Lowenburger; but in fact, from what appears in the bill of exception, the inference is to be drawn that the appellant knew that the person Juan Lopez mentioned by these witnesses was the same person who was present when Heidenheimer purchased the stock of goods from Jaramillo, and known as M. C. Lopez.

We are of the opinion that the trial court committed no error in admitting the impeaching testimony of Strassburger and Lowenburger when considered in connection with the evidence of the witness Heidenheimer. It seems to us the question is one of identity, and the mere fact that the evidence of these witnesses was taken by deposition would not affect its admissibility. They were evidently mistaken in giving the name of the party who made the statement to Heidenheimer in their presence. They called him Juan Lopez, when as a matter of fact his name was M. C. Lopez. Now if they had been present at the trial as witnesses, and in testifying had called this party Juan Lopez, but had identified him as the same man who was then testifying under the name of M. C. Lopez, there would have been no question but what such evidence of identity would have been admissible. It seems, though, that these witnesses were not present, but Heidenheimer was present as a witness and testified in the case and did identify M. C. Lopez as the man whom the other witnesses called Juan Lopez. Heidenheimer was present at the interview testified to by these two witnesses, and he was the party with whom these witnesses testified that the man Lopez had the conversation; and the evidence tends to show that there was only one conversation between Heidenheimer and Lopez. If these witnesses were mistaken in giving Lopez's right name, but it should become important to identify him as the party with whom Heidenheimer had a conversation in their presence, why could not the evidence of identity come from Heidenheimer as well as from these witnesses, and by that evidence demonstrate the fact that while these witnesses called the man by the wrong name, they had the right man in view?

We find no error in the record, and the judgment is affirmed.

*Affirmed.*