### G. V. BURK v. THE STATE.

No. 2697. Decided February 25, 1903.

**Complaint—Jurat—Credible Person.**
It is not required by the statute that the jurat of the officer should show that the person making a complaint was a credible person.

Appeal from the County Court of Ellis. Tried below before Hon. J. E. Lancaster, County Judge.

Appeal from a conviction of violating local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

No statement of facts in the record.

No brief on file for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail.

There is neither bill of exceptions nor statement of facts in the record. Appellant filed a motion to quash the complaint and information, first, because it charged no offense against the laws of the State; second, that it does not appear from the jurat of the officer taking the complaint that same was sworn to by a credible person; and, third, it does not appear affirmatively that the election was held in justice precinct No. 8, Ellis County. It is not necessary for the jurat to show that the witness is a credible person. The law merely provides that the same must be sworn to by a credible person, and, in the absence of any proof on this question, we will presume that the county attorney took the affidavit from a credible person. The affidavit and information are in the usual form, and clearly indicate that the election was held in justice precinct No. 8 prior to the filing of the complaint, and that the same was held according to law. The court did not err in overruling the motion to quash.

No error appearing in the record the judgment is affirmed.

*Affirmed.*