## EX PARTE STEPHENSON.

### No. 2842. Decided October 14, 1913.

**1.—Murder—Habeas Corpus—Bail—Constitutional ·Law.**

By the Act of 1913, the degrees of murder were abolished and the punishment prescribed is death or confinement in the penitentiary, but under the Constitution of 1876, all offenses are bailable except capital offenses when the proof is evident, and the Act of April 3, 1913, did not change this constitutional rule.

**2.—Same—When Proof Is Evident—Bail Not a Matter of Right, When.**

If the evidence is clear and strong, leading a well guarded and dispassionate judgment to the conclusion that the offense has been committed and the accused will probably be punished by death, bail is not a matter of right. Following Ex parte Smith, 23 Texas Crim. App., 100, and other cases.

**3.—Same—Judicial History—Death Penalty.**

The judicial history of Texas and the long experience of the courts demonstrate that in the trial of cases where the death penalty can be inflicted, the juries do not and should not inflict the death penalty in the great majority of cases.

**4.—Same—Policy of the Law—Legislative Intent—Bail.**

It was never the policy of the law or the legislative intent that bail should be denied as a matter of law in all capital offenses, and the nature and circumstances of the offense must be considered in requiring or denying bail.

**5.—Same—Death Penalty—Granting of Bail.**

It is certainly true that there will always be cases for any of the capital offenses where, notwithstanding the jury is given the power to inflict the death penalty, they will not, and should not, do so, and if the circumstances, in the discretion of the court, permit, bail should be allowed.

**6.—Same—Case Stated—Practice on Appeal.**

Where this court after a thorough consideration of the evidence, reaches the conclusion that in all probability the jury will not, and probably should not, inflict the death penalty, bail is granted; leaving, however, the jury free to act in the trial of the case.

Appeal from the District Court of Liberty. Tried below before the Hon. L. B. Hightower in chambers.

Appeal from a habeas corpus proceeding under a charge of murder denying appellant bail.

The opinion states the case.

*Singleton & Hall* and *Stuart R. Smith* and *T. B. Ridgell,* for appellant.

*C. E. Lane,* Assistant Attorney-General, and *J. L. Maury,* District Attorney, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was held under an accusation for murder alleged to have been committed August 19, 1913, after the Act of the Legislature, approved April 3, 1913, page 238, abolishing the degrees of murder and changing the penalty therefor was in effect. On a habeas corpus hearing the district judge denied bail, from which appellant prosecuted this appeal.

The statement of facts is quite lengthy. It is the rule of this court not to discuss the facts in habeas corpus bail cases. Before said Act of 1913, the offense of murder was in two degrees, first and second. The punishment for the first degree was by death or confinement in the penitentiary for life; for the second degree, it was confinement in the penitentiary for any term not less than five years. By said Act of 1913, the degrees of murder were abolished and the punishment, as prescribed by that Act, is death or confinement in the penitentiary for life or for any term of years not less than five.

In 1876, by, and when our present Constitution became effective, murder in the first degree was punishable by death only. (McInturf v. State, 20 Texas Crim. App., 335.) Since then the penalty was so changed as to make it punishable by death or imprisonment for life as stated above. Section 11, article 1 of our Constitution is: "All prisoners shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident; but this provision shall not be so construed as to prevent bail after indictment found, upon examination of the evidence in such manner as may be prescribed by law." This is also enacted as a part of the Code of Criminal Procedure, article 6. The fact that by and at the time this constitutional provision was adopted, murder in the first degree was punishable only by death, should be taken into consideration. Mr. Harris, in his Texas Constitution, under this article, page 107, we think, lays down this correct proposition from the authorities: "(3) 'Proof is evident' if the evidence is clear and strong, leading a well guarded and dispassionate judgment to the conclusion that the offense has been committed: that the accused is the guilty agent; and that he would probably be punished capitally if the law is administered, and in such case bail is not a matter of right. Ex parte Smith, 23 Texas Crim. App., 100; Ex parte Beacom, 12 Texas Crim.

App., 318; Ex parte Coldiron et al., 15 Texas Crim. App., 464; Ex parte Evers, 29 Texas Crim. App., 539."

The rule is, "all prisoners shall be bailable." The exception is "when the proof is evident" that not only the accused is guilty, but that the jury will, if they properly enforce the law, probably assess capital punishment. This conclusion to be reached by the well guarded and dispassionate judgment of the court, or judge passing upon the question. The denial of bail in any case and the confinement of the accused in jail to await trial, is not, and is not intended as, any punishment of the accused for his crime, but the reason for refusing bail and so confining him, is to be certain that he shall be present at the court and stand his trial. If, upon a consideration of all the evidence, it is reasonably probable to the well guarded and dispassionate judgment of the judge, or court, that a jury in the proper enforcement of the law will inflict the death penalty, then the theory of the law is that life is so dear to the accused no amount of bail will secure his attendance at the trial; hence, bail should be denied him. The judicial history of our State and the long experience of the judges and courts, demonstrate that in the trial of cases, where the death penalty can be inflicted, the juries do not, and probably should not, inflict the death penalty in the great majority of such cases. Our statute, article 329, Code of Criminal Procedure, subdivisions 2 and 3, in prescribing rules when bail is granted, is: "2. The power to require bail is not to be used in such manner as to make it an instrument of oppression. 3. The nature of the offense and the circumstances under which it was committed are to be considered."

In addition to treason, our statutes authorize several offenses to be punished capitally; such as murder in the first degree, heretofore, now in any case; murder in certain cases of arson, perjury when committed in a capital case under certain circumstances, rape and robbery with firearms. The punishment for rape is death or confinement for life, or for any term of years not less than five. For robbery with firearms it is death or confinement in the penitentiary for any term not less than five years. It is unnecessary to state the penalties for the other capital offenses, as these are stated merely for illustration. It was never the policy of the law, nor the legislative intent, that bail should as a matter of law be denied in all cases for rape, or robbery with firearms, or any other of the capital offenses, simply because the death penalty was authorized to be inflicted. As stated by the statute above quoted, the nature of the offense and the circumstances under which it was committed are to be considered and the power to require bail (or deny it) is not to be used in such manner as to make it an instrument of oppression. It is certainly true that there have been and will always be cases for any of the capital offenses, where, notwithstanding the jury is given the power to inflict the death penalty, they will not do so, and should not do so. The question to be determined in this case is, whether under the nature of the offense charged, and the circumstances under

which it was committed, upon a consideration of all the evidence, the court, in a well guarded and dispassionate judgment, should reach the conclusion that the death penalty, if the law is properly enforced, will be imposed. If so, bail should be denied. If not, then bail should be granted. Of course, there must necessarily be lodged with the trial judge the exercise of a reasonable discretion, based on the character of judgment above designated, and upon appeal, this court must indulge the presumption that his judgment is correct.

In this case, after a thorough consideration of the evidence, we have reached the conclusion that in all probability, the jury will not and probably should not, inflict the death penalty; hence, bail should have been granted. We do not mean to intimate that the discretion given to the jury to assess capital punishment should not be imposed in this case. That matter is left to them, guided properly by the trial judge and properly guarded by him on a motion for new trial, if the death penalty should be imposed. For a further discussion of this question see Ex parte Russell, from Harris County, this day decided, and to be discussed in a supplemental opinion.

The judgment of the lower court in denying bail is therefore reversed and the appellant is hereby granted bail in the sum of $5000. Upon the execution of proper bond, in accordance with law, the sheriff having him in custody is directed to discharge him.

*Bail granted.*