CRIMINAL LAW ☞1090(7, 8, 16)—ABSENCE OF BILL OF EXCEPTIONS—EVIDENCE—REVIEW.

Without bills of exceptions and the evidence this court is unable to review grounds for new trial which cannot be intelligently considered in the absence thereof, rulings on admission of testimony, and refusal of a continuance and the judgment will be affirmed.

Appeal from Criminal District Court, Dallas County; C. A. Pippen, Judge.

Ada Spurlock was convicted of keeping a bawdyhouse, and appeals. Affirmed.

E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of keeping a bawdyhouse; her punishment being assessed at a fine of $200, and 20 days' imprisonment in the county jail.

The record contains neither a statement of facts nor bill of exceptions. The grounds of the amended motion for new trial, in the absence of statement of facts and bills of exception, cannot be intelligently revised. There was an application for a continuance, but a bill of exceptions was not reserved to its refusal, and, in addition, the evidence is not before us. The remaining grounds of the motion refer to rulings of the court in regard to the admission of testimony. With-

out bills of exception and the evidence this court is unable to revise these matters. The judgment is therefore ordered to be affirmed.

---

Ex parte SPARKS. (No. 4755.)

(Court of Criminal Appeals of Texas. Oct. 10, 1917.)

CRIMINAL LAW ☞1148—APPEAL AND ERROR—BAIL.

A trial court's denial of bail in a murder case is accorded great deference on appeal.

Appeal from Criminal District Court, Harris County; C. W. Robinson, Judge.

Application by Lee Sparks for bail. From a judgment denying bail, the relator appeals. Reversed, and bail granted.

John H. Crooker, Cr. Dist. Atty., of Houston, and E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. This appeal is because of the refusal of the judge of the criminal district court to allow bail to relator, who was held under indictment for murder.

The decision of the trial court, after an investigation of the facts, is accorded great deference. Ex parte Moore, 5 Tex. App. 103; Ex parte Beacom, 12 Tex. App. 318; Ex parte Matlock, 18 Tex. App. 227. Mindful of this, we have examined the record, and, omitting a discussion of the facts, our conclusion is that the evidence is such as to entitle the relator to bail. Ex parte Russell, 71 Tex. Cr. R. 377, 160 S. W. 75; Ex parte Stephenson, 71 Tex. Cr. R. 380, 160 S. W. 77; Ex parte Burton, 75 Tex. Cr. R. 105, 170 S. W. 308, 39 L. R. A. (N. S.) note pages 780–784; Bill of Rights, Vernon's C. C. P. p. 9, and cases cited.

The judgment is consequently reversed; and it is ordered that appellant be granted bail in the sum of $7,500.