### EX PARTE JOHN W. HILL.

No. 4966.    Decided March 6, 1918.

**Murder—Habeas Corpus—Bail—Rule Stated.**

The rule is that all persons are bailable unless the proof is evident, that is, that the accused is not only guilty, but that the jury will, if they properly enforce the law, probably assess capital punishment, this conclusion to be reached by the well guarded and dispassionate judgment of the court or judge passing upon the question, and under this rule bail is granted in the instant case. Following Ex parte Russell, 71 Texas Crim. Rep., 377, and other cases.

Appeal from the Criminal District Court of Travis. Tried below before the Hon. James R. Hamilton.

Appeal from a habeas corpus proceeding denying bail.

The opinion states the case.

*Martin & McDonald, W. D. Caldwell,* and *Warren W. Moore,* for relator.—Cited Ex parte Foster, 5 Texas Crim. App., 625; Ex parte Dickson, 20 id., 332; Ex parte Cochran, 20 id., 242; Ex parte Terry, 20 id., 486; Ex parte Bryant, 21 id., 639; Ex parte Hay, 23 id., 585;

Ex parte Rice, 26 id., 343; Ex parte Albitz, 29 id., 128; Ex parte Dooley, 74 Texas Crim. Rep., 650, 170 S. W. Rep., 303; Ex parte Burton, 75 Texas Crim. Rep., 105, 170 S. W. Rep., 308; Ex parte Lovell, 189 S. W. Rep., 486; Ex parte Patterson, 193 S. W. Rep., 146.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The relator under indictment for murder was refused bail and prosecutes this appeal.

Omitting any comment on the facts and stating only enough of the evidence to indicate the environments of the transaction, we find from the record presented that there is evidence that both the deceased and appellant were officers authorized to carry arms; that a short time, from one-half to three-quarters of an hour before the homicide the deceased assaulted appellant in the Driskill Hotel at Austin, and during the progress of the assault drew his pistol and struck appellant a blow on the head; that in the affray the deceased received an injury to his finger; that he went to the office of a doctor several blocks from the Driskill Hotel and had the wound dressed; that appellant walked up Congress Avenue, the main street of the city, and at a point about four blocks from the Driskill Hotel appellant shot and killed deceased.

We gather from the evidence that at the time of the homicide deceased had just turned the corner from one of the streets leading into Congress Avenue and started south, and that appellant had stopped a moment before in front of a news stand and cigar store, a short distance south from the corner mentioned. The keeper of the store testified that after he and appellant had exchanged a few words he saw appellant draw his pistol and shoot several times, and turning, saw the deceased fall. Another witness said that while across the street he heard a shot, wheeled and saw a man standing near the corner. After a very short interval he heard another shot and saw the man apparently in a sitting position with both hands on his stomach, apparently going down gradually; that the firing continued and he saw a flash and puff of smoke from the man described, who immediately thereafter collapsed and rolled on the sidewalk; that all occurred suddenly, covering a very short time; that four shots came from the south and one from the man who was killed, who was identified as deceased named in the indictment; that immediately after deceased fired he saw a pistol fall from his hand; that deceased's pistol was examined and found to have been fired one time.

A witness who was assistant game warden testified that he met deceased a few days before the homicide and was asked by him if appellant was still deputy, and expressed the wish that the sixshooter should be taken off of him, and said, "If you don't he and I can not stay in the same town with a sixshooter." That witness said he declined to deprive appellant of the sixshooter and communicated to him the conversation prior to the difficulty at the hotel.

Article 1, section 11, of the Constitution provides "That all prisoners shall be bailable by sufficient sureties unless for capital offenses when the proof is evident." "Evident" has been defined as "plain, clear,

obvious." Ex parte Boyett, 19 Texas Crim. App., 17. Mr. Branch states the rule as follows: "The rule is 'all prisoners shall be bailable.' The exception is 'when the proof is evident' that not only the accused is guilty, but that the jury will, if they properly enforce the law, probably assess capital punishment, this conclusion to be reached by the well guarded and dispassionate judgment of the court or judge passing upon the question." Tested by this rule, which is supported by the decisions of this court, we believe that the trial court was in error in holding that appellant was not entitled to bail  Cases in point are Ex parte Smith, 23 Texas Crim. App., 100; Ex parte Russell, 71 Texas Crim. Rep., 377, 160 S. W. Rep., 75; Ex parte Stephenson, 71 Texas Crim. Rep., 380, 160 S. W. Rep., 77, and cases cited.

A reversal of the judgment of the trial court refusing bail is ordered and appellant is hereby granted bail in the sum of $6000, upon the execution of which, with sufficient sureties, he will be discharged pending the trial of this case on its merits.

*Bail granted.*