EX PARTE GEORGE TOWNSLEY.

No. 5801.   Decided April 21, 1920.

Murder—Bail—Burden of Proof—Rules Stated—Commitment.

All persons shall be bailable by sufficient sureties unless in capital offenses when the proof is evident, and the burden is upon the State, and where the evidence does not satisfy the mind of the court to the degree that in the due administration of the law a jury would probably inflict the death penalty, bail will be granted, which is done in the instant case, and the fact that the formal commitment is not at hand is not important. Following Newman v. State, 38 Texas Crim. Rep., 164, and other cases.

Appeal from the District Court of Wichita. Tried below before the Honorable Edgar Scurry.

Appeal from a refusal to grant bail in a capital case, amount of bail fixed in the sum of ten thousand.

The opinion states the case.

*Warren Moore,* for the appellant.—Cited: Ex parte Stevenson, 160 S. W. Rep., 77; Ex parte Russell, 160 S. W., 77; and cases cited in opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—Cited: Jackson v. State, 9 Texas Crim. App., 114, Tx parte Evers, 16 S. W. Rep., 344; Ex parte Jones, 20 id., 983; Ex parte Taylor, 28 S. W. Rep., 957; Ex parte Walker, 48 Texas Crim. Rep., 191.

MORROW, JUDGE.—It appears that the relator, George Townsley, was remanded to the custody of the sheriff without bail by the district judge, the court expressing the opinion in the judgment that the evidence was such as would justify a jury upon trial of the case to inflict the death penalty, and the relator was ordered to the custody of the sheriff to await the action of the grand jury. It otherwise appears in the transcript that the relator was charged with murder, and had been denied bail by the justice of the peace. It further appears that the sheriff, in response to the writ issued by the District Court, waived service and obligated himself to produce the relator, and from the judgment it appears that the relator was present.

It is made evident by the record that the relator, charged with murder, is held without bail to await indictment by the grand jury. We are, therefore, of the opinion that the fact that the formal commitment is not at hand is not important. The case of Sheldon v. Boyce, 20 Texas, 838, cited to the contrary was a misdemeanor case, and it did not appear from the record whether the accused was under conviction or not, and in the record there was no statement of facts. Conceding the correctness of that decision upon the questions before it, it does not determine this one against the right of the relator to a hearing on this appeal.

"All persons shall be bailable by sufficient sureties, unless for capital offense when the proof is evident." Constitution, Art. 1, sec. 11. The relator is held on a charge of capital offense. The burden is upon the State to show that the proof was evident. Firmin v. State, 60 Texas Crim. Rep., 370; Newman v. State, 38 Texas Crim. Rep., 164. From the meager statement of facts before us, it appears that both O'Neal, the deceased and Townsley, the relator, had been on terms of criminal intimacy with a married woman named Ida Walker; that they were rivals for her continued favor, and a few days preceding the homicide a fight occurred between them in which the deceased, being the more powerful man, gained the advantage. He threatened to kill,

and probably would have killed the relator, except for the interposition of bystanders, who prevented it. The parties were unfriendly, and made mutual threats. The woman in question, for something like a month preceding the homicide, had been living with relator, she having previously been abandoned by the deceased; but he had recanted, and desired to re-possess her, and from this conflict a quarrel arose. On the day of the homicide the woman went to her father's house about one o'clock. The relator went to this house in the afternoon, and remained there until in the night, and while he was there the deceased came. Relator had been drinking drugs and hair tonic, and was under the influence of them, and in possession of a gun, and was kept in bed on account of the effect of the drugs by the parties in the house, until about seven o'clock. The relator was in the front room; the deceased was in the kitchen, remaining about an hour. Parties in the house alternately importuned each of them to leave to prevent trouble. They both left near the same time, one by the back, and the other by the front way, and met as they were going around the house. The deceased was shot, one bullet entering the abdomen, another his hand, and a third striking his shoulder blade.

The evidence does not satisfy our mind that there is "proof evident" of a capital crime, to the degree that in the due administration of the law a jury would probably inflict the death penalty. The rule of law controlling has been stated in varying language, but there is a substantial agreement that "if the evidence is clear and strong, leading a well-guarded and dispassionate judgment to the conclusion that the offense has been committed, that the accused is a guilty agent, and that he would probably be punished capitally if the law is administered, bail is not a matter of right." Ex parte Smith, 23 Texas Crim. App., 100. Unless the evidence is of such character, bail is a matter of right. Russell v. State, 71 Texas Crim. Rep., 377, 160 S. W. Rep., 76; Ex parte Stevenson, 71 Texas Crim. Rep., 380, 160 S. W. Rep., 77.

The judgment denying bail is reversed, and the relator ordered discharged upon furnishing sufficient bail in the sum of ten thousand dollars.

*Bail granted.*