Ex Parte Sim Collins.

No. 6332.   Decided May 18, 1921.

**Habeas Corpus—Capital Case—Practice on Appeal—Bail.**

It is the custom of this court not to set out or discuss at length the evidence introduced upon *habeas corpus* hearings, but by reason of the fact that many cases reach this court in which bail should have been allowed, this rule has been recently relaxed, but is again adhered to in the instant case, and bail is denied.

Appeal from the District Court of Polk. Tried below before the Honorable J. L. Manry.

Appeal from a *habeas corpus* proceedings denying bail.
The opinion states the case.
No brief on file for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.—Cited Ex Parte Jones, 31 Texas Crim. Rep., 422; Ex Parte Sapp, et al., 77 Texas Crim. Rep., 401; Ex Parte Sapp, et al., 179 S. W. Rep., 109; and Ex Parte Young, 222 S. W. Rep., 242.

HAWKINS, Judge.—On March 31, 1921, complaint was filed against relator charging him with the murder of A. Wetz. On April 8th application for writ of *habeas corpus* was presented to the Hon. J. L. Manry, Judge 9th Judicial District, seeking relief upon bail. A hearing was had upon such application on April 16th, and relator remanded without bail, from which order he appeals to this court.

It has been the custom of this court for many years not to set out or discuss at length the evidence introduced upon *habeas corpus* hearings, but by reason of the fact that a great many cases were reaching this court in which we believed the trial judges were committing error in not admitting applicants to bail, we have recently, in several cases, taken occasion to set out the evidence at some length, and to re-state the rules, which would control or determine whether or not relator was entitled to bail. Having done this in other cases, we do not feel it is necessary to set out or discuss the evidence appearing from the statement of facts on this appeal.

We have examined the same carefully, and are of the opinion that no error was committed in holding the relator without bail, and the judgment of the trial court is therefore affirmed.

*Affirmed.*