1. **Indictment and information ⬤➡125(2)—Count charging manufacturing and possession of liquor defective.**

Charging the manufacture of intoxicating liquor and illegal possession of it in one count makes the count fatally defective.

2. **Intoxicating liquors ⬤➡137—Possession of equipment for manufacturing intoxicating liquor not illegal.**

Possession of equipment for manufacturing intoxicating liquor is not illegal.

3. **Intoxicating liquors ⬤➡202—Count charging illegal possession of liquor defective where not alleging purpose of sale.**

A count charging possession of intoxicating liquor is defective, where the possession is not alleged to be for the purpose of sale.

4. **Intoxicating liquors ⬤➡137—Possession of equipment for manufacture not illegal under amendment to Dean Law.**

Under the amendment to the Dean Law adopted by the First Called Session of the Thirty-Seventh Legislature (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.), omitting to make possession of equipment for manufacturing intoxicating liquor illegal, the possession of such equipment is not illegal.

Appeal from District Court, Cottle County; J. H. Milam, Judge.

W. K. Weaver was convicted of a felony, and he appeals. Reversed, and prosecution ordered dismissed.

Howard & Barrett, of Childress, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Cottle county of a felony, and his punishment fixed at one year in the penitentiary.

[1-4] The indictment herein contains three counts, the first of which charges that W. K. Weaver in the county of Cottle and state of Texas "did then and there unlawfully manufacture and have in his possession intoxicating liquors," etc., the second count charging appellant with having in his possession equipment for the manufacture of intoxicating liquor, and the third count charging that appellant did then and there have in his possession intoxicating liquor and equipment for manufacturing such liquor. Since the adoption of the amendment to the Dean Law by the First Called Session of the Thirty-Seventh Legislature in 1921 (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.), there has been no offense in this state

such as possessing equipment for the manufacturing of intoxicating liquor. The Legislature omitted this from their said amendment and thereby repealed the law against possession of such equipment, as has been held by us in several cases. The law against possession of intoxicating liquor was so changed as to make same penal only when had in possession for sale.

The first count in this indictment is fatally defective because charging in one count both the manufacture of intoxicating liquor and possession of the same. Todd v. State, 89 Tex. Cr. R. 99, 229 S. W. 515. The second count is defective because relating solely to the question of possession of equipment for the manufacture of such liquor, same being no longer an offense under any law in this state. The third count charges both the unlawful possession of equipment for the manufacture of such liquor, and the possession of such intoxicating liquor, and the former being no longer an offense, and it being now necessary to allege in the indictment that the possession of such liquor is had for the purpose of sale, the last count is also fatally defective.

There being no count in the indictment sufficiently charging any offense against the laws of the state of Texas, we are compelled to reverse the judgment and direct a dismissal of the prosecution, which is accordingly done.

---

## Ex parte FRANCIS. (No. 6865.)

(Court of Criminal Appeals of Texas. Feb. 22, 1922. Rehearing Granted April 5, 1922.)

1. **Habeas corpus ⬤➡113(9)—Transcript of proceedings in vacation must be certified by judge.**

Under Vernon's Ann. Code Cr. Proc. 1916, art. 950, the certificate to the transcript of proceeding on habeas corpus heard in vacation may be prepared by any person under the direction of the judge and certified by the judge, and a transcript certified by the district clerk and showing that the proceedings were in vacation is insufficient to give jurisdiction on appeal.

2. **Habeas corpus ⬤➡113(6)—Notice of appeal is essential to jurisdiction of Court of Criminal Appeals.**

A notice of appeal from the order of the judge remanding relator to custody without bail is essential to the jurisdiction of the Court of Criminal Appeals to review the proceedings.

On Motion for Rehearing.

3. **Habeas corpus ⬤➡85(1)—State must prove express malice to justify denial of bail.**

For the state to sustain its burden to produce proof evident justifying refusal of bail

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

within the meaning of the Constitution, it is necessary for the state to prove express malice.

**4. Habeas corpus ⬤ 85(1)—Evidence held not to sustain refusal of bail.**

Testimony by only one of several persons present at the homicide that defendant told deceased to "stick them up," and when deceased raised his hands defendant fired four shots and killed deceased, *held* insufficient to sustain an order refusing bail in the absence of testimony as to the position of the hands of deceased, or other circumstances, immediately preceding defendant's order to deceased.

**5. Bail ⬤ 43—Accused may be entitled to bail though homicide was unjustifiable.**

Defendant accused of homicide may be entitled to bail, even though the homicide was not justifiable.

Appeal from District Court, Cottle County; J. H. Milam, Judge.

Habeas corpus proceedings by Alvin Francis to procure his release on bail. From an order of the district judge remanding relator without bail, relator appeals. Relator discharged on bail in the sum of $5,000.

McDonald & Cummings, of Wichita Falls, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. This appears to be an appeal from an order of the district judge remanding relator without bail. The record is not in condition to show that the jurisdiction of this court has attached. The order of the judge remanding relator is as follows:

"In the District Court of Cottle County, Tex. In Vacation. Ex Parte Alvin Francis. I am of the opinion that the said Alvin Francis is legally held in custody and under restraint of his liberty by the said respondent, Morgan Wright, sheriff of Cottle county, Tex.

"It is therefore ordered and adjudged that the application of the said Alvin Francis herein be denied, and that the said Alvin Francis be, and is hereby, remanded to the custody of said respondent, Morgan Wright, sheriff, aforesaid.        J. H. Milam."

[1] It will be observed from the foregoing order that the hearing was had in vacation. The transcript is certified to by the district clerk of Cottle county. Article 950, Vernon's C. C. P., provides that, when the proceedings upon habeas corpus take place before the court in session, the transcript shall be prepared and certified to by the clerk; but, when had before the judge in vacation, the transcript may be prepared by any person under the direction of the judge and certified by such judge. There is no certificate by the judge as to the correctness of the transcript in the instant case, and to that extent the provisions of article 950 have not been complied with.

[2] The transcript shows no notice of appeal from the order of the judge remanding relator. Without notice of appeal this court has no jurisdiction to review the proceedings, even though the transcript were properly certified to. Ex parte Cates, 89 Tex. Cr. R. 504, 231 S. W. 396; Ex parte Shearman, 89 Tex. Cr. R. 341, 230 S. W. 691.

For the reasons stated, the appeal is dismissed.

On Motion for Rehearing.

MORROW, P. J. The record having been perfected, the order of dismissal is set aside, and on the merits of the case we have to say that the relator is held without bail upon a charge of murder, and brings the matter here for review.

The relator, a young man about 20 years of age, shot and killed Walter Tucker, an older man. Four shots were fired. The homicide took place in a small building, about 20 by 40 feet, which was used as a grocery store. Several persons were present. Both the relator and the deceased had been in the building for some minutes; the deceased coming in after the relator had entered the store. It seems that a general conversation had been in progress for a few minutes. Some goods were brought into the store, and all the parties present except the relator and the deceased went to the rear of the building to examine the articles; the deceased and relator remaining near the fire and conversing with each other. The relator said, "Stick them up," at the time having his pistol in his hand. The deceased put his hands up, at the same time sliding off the counter, and the relator began shooting, and continued to do so until the deceased fell.

There was inquiry made as to the position of the hands of the deceased at the time he was directed to "stick them up," but little is disclosed on the subject. There was only one eyewitness used by the state.

[3] We are of the opinion that, on the record, the bail should not have been denied. The burden was upon the state to produce proof evident of the offense. To do this, within the meaning of the Constitution, we think it was necessary to prove express malice. Ex parte Firmin, 60 Tex. Cr. R. 370, 131 S. W. 1113; Ex parte Townsley, 87 Tex. Cr. R. 252, 220 S. W. 1092; Ex parte Young, 87 Tex. Cr. R. 413, 222 S. W. 242.

[4, 5] The cause of the homicide is unexplained. The facts evidently are only partially developed, as several eyewitnesses were not called to describe the occurrence. There is some evidence of the previous difficulty, though at the immediate time of the shooting the parties were talking, and their words were not heard by others. The attitude of the deceased is not fully described. The presumptions are not indulged against the relator. He may have been unjustifiable and

⬤ For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

still entitled to bail. Cordono v. State, 56 Tex. Cr. R. 459, 120 S. W. 471; Rice v. State, 51 Tex. Cr. R. 283, 103 S. W. 1156; Farrer v. State, 42 Tex. 271. The presumption of express malice is not against him. Hamby v. State, 36 Tex. 523; Dougherty v. State, 59 Tex. Cr. R. 464, 128 S. W. 398; Potts v. State, 56 Tex. Cr. R. 44, 118 S. W. 535.

The relator, in our judgment, should be discharged on bail in the sum of $5,000; and it is so ordered.