## Ex Parte Y. S. Mathis.

### No. 7151. Decided June 23, 1922.

**Murder—Bail—Practice on Appeal—Conflict of Testimony.**

The mere fact that there is conflict in the evidence is not conclusive upon the right to bail, but under the evidence in the instant case it is the right of the appellant to be admitted to bail, which is hereby ordered.

Appeal from the Criminal District Court of Harris. Tried below before the Honorable C. W. Robinson.

Appeal from a habeas corpus proceeding denying bail.

The opinion states the case.

*Johnson & Gilmore*, for relator.—Cited: Ex Parte Young, 222 S. W. Rep., 242; Ex Parte Stevens, 213 id., 656; Ex Parte Townley, 220 id., 1092.

*R. G. Storey*, Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The relator is under indictment for murder. Bail has been denied, hence this appeal.

Three children lost their lives in the tragedy. They were asphyxiated by gas. The relator was their grandfather. He and they lived in a small house, in which also lived the father and mother of the children. The relations between the father and mother were bad. The mother had gone to Port Arthur; the father, according to his testimony, left home to go to work at about ten o'clock at night. The children were in bed. The relator slept in an adjoining room, and on the other side was the kitchen in which a gas stove was sitting. During the night, the gas from the stove was released and the death of the children resulted. The relator reported the tragedy, claiming that upon rising in the morning, he found the children dead but had no connection with the offense.

The evidence identifying him as the murderer of the children is circumstantial. Conceding it to be sufficient to support a verdict of conviction of a capital crime, we do not deem it evident in the sense that it warrant a denial of bail. Upon some of the essential points the evidence is conflicting. The theories advanced by the State and the relator are at variance. The conflict in the evidence and the conclusions to be drawn therefrom are matters peculiarly within the province of the jury. The mere fact that there is conflict in this respect is not conclusive upon the right to bail, but under the evidence in the instant case, which we deem it unnecessary to recite, we believe that pending the decision of the issues against him by the jury, it is the right of the appellant to bail. The legal principles controlling such a case have often been stated in the decisions of this court. See Ex parte Locklin, 72 S. W. Rep., 585; Ex parte Stephenson, 71 Texas Crim. Rep., 380, 160 S. W. Rep., 77; Ex parte Russell, 71 Texas Crim. Rep., 377, 160 S. W. Rep., 75; Ex parte Young, 87 Texas Crim. Rep., 412, 222 S. W. Rep., 242.

The relator will be released pending his trial upon giving bail in the sum of $8,000 in the terms and with sureties required by law and approved by the proper authority.

*Bail granted.*