## Ex Parte H. L. Long.

### No. 8328.   Decided November 21, 1923.

**Murder—Habeas Corpus—Bail.**

> Where, upon appeal from a judgment denying bail in a capital case, it
> appeared from the record that the case had not been fully developed, but
> from the evidence before this court did not present a case which authorized
> the denial of bail, the same is hereby granted.   Following Ex parte Townsley,
> 87 Texas Crim. Rep., 252.

In vacation.   Tried below before the Honorable Henry S. Bishop,
from Potter County.

The opinion states the case.

*Underwood, Jackson & Johnson,* and *Williams & Martin,* for re-
lator.   Cited, Ex parte Smith, 5 S. W. Rep., 99; Robbins v. State,
166 id., 529; Tomson v. State, 178 id., 1195; Holt v. State, 9 Texas
Crim. App., 585.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General,
for the State.   Cited, Ex parte Townsley, 87 Texas Crim. Rep., 252;
Ex parte Hickox, 90 id., 139; Ex parte Hicks, recently decided.

HAWKINS, JUDGE.—Relator is under indictment charged with
the murder of John Wallace.   From an order of the district judge
denying bail this appeal is taken.

Relator was a married man living with his wife and children.   De-
ceased had boarded with them for a short time.   On a Sunday night
two weeks prior to the killing some disturbance occurred at the home
of relator.   He announced to one of the neighbors as he hurriedly
passed the house that he had caught deceased and his wife in im-
proper relations, and that he was on his way to report the matter
to the authorities, and wanted his neighbor to know of the trouble if
he was killed before he could report it.   Upon this occasion the of-
ficers did come to relator's house.   The record is silent as to what oc-
curred after they reached that point, but the neighbor could hear
them and relator and his wife talking.   Deceased left relator's house
after this occurrence and boarded across the street.   After about a
week relator seems to have gone away from home whereupon deceased
went back to his house and commenced boarding there again.   The
killing occurred on Monday morning.   Relator returned home that
morning and finding deceased there the killing occurred.   The shoot-
ing was heard within a few minutes after relator entered the house.
The officers reached the scene a short time after the killing whereupon
relator said to them:   "There is the man that I have killed and I am

proud of it, he broke up my home. The man was attempting to kill me and you will find the gun in his right pocket and his hand in his pocket.'' Deceased was found lying on the floor near a davenport. Two bullet holes were found in the head of the davenport from eight to ten inches above the cushion. One shot had entered the right nostril of deceased, passing through the head in an upward and backward course, coming out over the left temple. Another had entered the right side of the neck and passed through. It was the theory of the State that these two shots were the same that had passed though the end of the davenport and that deceased was lying on the davenport at the time he was killed. Seven shots in all were found in the body of deceased. Several parties were with the sheriff at the time he reached the scene of the killing. The sheriff testified that deceased's right hand was in his right pocket and in this pocket was found a twenty-five caliber automatic pistol. Other witnesses present at the time do not agree with the sheriff that deceased's hand was in his pocket but that it was lying by his side or near his pocket. Relator did not testify and all the evidence in the record was developed from the State's witnesses.

We quote from Ex parte Townsley, 87 Texas Crim. Rep., 252, 220 S. W. Rep., 1092, as laying down the correct rule and containing the citation of all the authorities we think necessary to refer to.

''The evidence does not satisfy our mind that there is 'proof evident' of a capital crime, to the degree that in the due administration of the law a jury would probably inflict the death penalty. The rule of law controlling has been stated in varying language, but there is a substantial agreement that 'if the evidence is clear and strong, leading a well-guarded and dispassionate judgment to the conclusion that the offense has been committed, that the accused is a guilty agent, and that he would probably be punished capitally if the law is administered, bail is not a matter of right.' Ex parte Smith, 23 Tex. Crim. App., 100. Unless the evidence is of such character, bail is a matter of right. Russell v. State, 71 Texas Crim. Rep., 377, 160 S. W. Rep., 76; Ex parte Stevenson, 71 Texas Crim. Rep., 380, 160 S. W. Rep., 77.''

It is apparent from the record that the case has not been fully developed but to our minds the evidence before us does not present a case which authorizes the denial of bail.

The judgment to that effect is therefore reversed and the relator ordered discharged upon furnishing satisfactory bail in the sum of $10,000.

*Bail granted.*