## EX PARTE CAMPBELL PERKINS.

No. 9944.    Delivered Dec. 23, 1925.

**Habeas Corpus—Bail Granted.**

An inspection of the record in this cause does not impress us that it is that character of case in which bail should have been denied, and the action of the trial court in remanding relator without bail is reversed, and bail is granted in the sum of $7,500.00. Following Newman v. State, 38 Tex. Crim. Rep. 164; Ex Parte Townsley, 87 Tex. Crim. Rep. 252 and other cases cited.

Appeal from the District Court of Montgomery County. Tried below before the Hon. J. L. Maury, Judge.

Appeal from an order of the District Court remanding relator to the custody of the sheriff, without bail. Bail granted in the sum of $7,500.00.

*McCall & Crawford,* of Conroe, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Relator was charged by indictment with the murder of one Lewis Griffin. From an order of the district judge of the 9th Judicial District remanding him without bail relator prosecutes this appeal.

The killing occurred on Hallowe'en night. Witness Reese testified that he walked out of the restaurant on to the porch and saw relator standing about ten feet away; that deceased came out and stood with his hand on the banisters; that relator asked deceased where his pistol was, to which deceased replied, "It was on his damn side where it was due to be:" that relator then raised his shotgun at which time witness jumped off the porch and ran, and immediately heard the report of the gun. Witness claims not to have seen any pistol in deceased's hands. On cross-examination he testified that just as relator raised his gun witness ran and did not know what deceased was doing at that particular moment and did not know what position his hands were in when the gun fired. Witness Williams said he was in the restaurant at the time the gun fired and immediately saw deceased come into the restaurant with his hands to his side; that he had no pistol in his hands; that deceased passed through the restaurant into another room, stumbled over something and fell. The parties were all negroes. The evidence indicates that no one went into the room where deceased fell until the officers came. They found deceased lying on the floor dead, and a pistol within about two feet of his body. Relator testified that he had been hunting on the day of the killing and upon his return was informed that some boys would likely undertake to injure his property by turning over a small house located on a lot adjacent to the restaurant; that he still had his gun with which he had been hunting; that as he approached this house four boys who were about it ran away when he spoke to them. According to his testimony deceased was not with these boys, but was coming across the street towards the restaurant and said to them, "What in the hell are you running for?" that relator then told deceased he was not talking to him, and some further words passed between them; that deceased stepped on the porch in front of the restaurant and drew his pistol; that relator then stepped out into the street and deceased went into the restaurant; that he soon reappeared having his pistol down by the side of his leg, and

that when relator asked him what he was going to do with the pistol, he replied, "What do you reckon I am going to do with it?" and backed towards the door, at the same time raising his pistol, at which time relator says he fired, believing his life to be in danger. The sheriff says relator told him he had had some trouble with deceased about the latter breaking into his (relator's) picture show, at the same time saying he hated to have to kill him, but it looked like he would have to; that he did not want to do it, but he had it to do; that deceased had been giving him trouble around the picture show.

Applying the rules of law heretofore announced by this court we think the case is one in which bail should not have been denied. We do not discuss the principles of law controlling in such matter, but cite Newman v. State, 38 Tex. Crim. Rep. 164; Exparte Townsley, 87 Tex. Crim. Rep. 252; 220 S. W. 1092; Littleton v. State, 88 Tex. Crim. Rep. 614, 228 S. W. 946; Exparte Francis, 91 Tex. Crim. Rep. 398, 239 S. W. 957. Many other authorities are referred to in the opinions above cited.

In our judgment relator should not have been denied bail The judgment of the trial court to that effect is reversed, and relator granted bail in the sum of $7,500.00.

*Reversed and bail granted.*