## Ex Parte J. H. Dumas.

No. 11869.   Delivered May 16, 1928.
Rehearing granted May 23, 1928.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—This is an appeal from an order of the court refusing bail on the hearing of a writ of habeas corpus.

There was no evidence introduced to show that the appellant committed any offense. The indictment is not evidence that the offense was committed but is merely evidence that the accused is charged with an offense. In Art. 1, Sec. 11, of the Constitution of Texas, it is declared:

"All prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident; but this provision shall not be so construed as to prevent bail after indictment found upon examination of the evidence, in such manner as may be prescribed by law."

It has frequently been declared that when one under indictment for a capital offense seeks bail by way of a writ of habeas corpus, the burden of proof rests upon the state to introduce sufficient evidence to enable the judge presiding to determine whether, in fact, the proof of guilt is evident, and in the absence of the discharge of such burden, bail is a matter of right. See Ex Parte Patterson, 50 Tex. Crim. Rep. 271; Ex Parte Firmin, 60 Tex. Crim. Rep. 368. In the present instance, so far as disclosed by the record, there was no testimony before the trial judge showing the appellant's connection with the alleged homicide or the circumstances attending it. "Proof evident" has been defined thus:

"If the evidence is clear and strong, leading a well-guarded and dispassionate judgment to the conclusion that the offense has been committed, that the accused is a guilty agent, and that he would probably be punished capitally if the law is administered, bail is not a matter of right. Ex Parte Smith, 23 Tex. App. 100, 5 S. W. 101. Unless the evidence is of such character, bail is a matter of right. Russell v. State, 71 Tex. Crim. Rep. 377, 160 S. W. 76; Ex Parte Stephenson, 71 Tex. Crim. Rep. 380, 160 S. W. 77." (Ex Parte Townsley, 220 S. W. 1092.)

The state having made no proof touching the guilt of the accused, it becomes the imperative duty of this court, in obedience to the

Constitution, to grant him bail, which is accordingly done in the sum of five thousand dollars ($5,000.00).

*Bail granted in the sum of $5,000.*

## ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The motion for rehearing is granted, the order fixing bail in the sum of $5,000.00 is set aside, and in lieu thereof it is ordered that the relator be granted bail in the sum of twenty-five hundred dollars ($2,500.00).

*Bail reduced.*