Ex Parte Roosevelt Gibson.

No. 12686. Delivered May 15, 1929.

The opinion states the case.

*Seale & Denman* of Nacogdoches, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, Judge.—Relator is under complaint charging him with the murder of John Mitchell. Upon habeas corpus hearing be-

fore the judge of the 2nd Judicial District bail was denied, from which order this appeal is prosecuted.

The killing occurred in a restaurant. Deceased, a negro, entered the restaurant and ordered sausage and "eggs over light." Appellant, who was a negro cook in the restaurant, cooked the eggs hard. Deceased declined to receive the order. Deceased left the restaurant, but returned in a short time. Remaining a few minutes he again left. Deceased returned to the restaurant a third time. According to the state's testimony appellant shot deceased without provocation. Deceased was unarmed at the time. Appellant testified that deceased cursed and abused him when he, deceased, refused to take the order of sausage and eggs. He said that deceased told him when he left the restaurant the first time that he would be back directly, and that upon deceased's return to the restaurant he, deceased, again cursed him. He testified that when deceased left the restaurant he, deceased, was in his shirt sleeves, but that upon his return on the third occasion he had on an overcoat; that shortly before he shot deceased the latter said: "God damn you, I'll learn you how to fix people's orders now"; that upon making this statement deceased placed his hand in his pocket; and that believing deceased was going to shoot him he fired upon deceased.

Other than the fact that appellant may have become angered at deceased for failing to receive the order of sausage and eggs, the state failed to show a motive for the killing. The burden was upon the state to produce proof evident of the offense. Within the meaning of the constitution, in making such proof it was necessary to prove express malice. Ex parte Francis, 239 S. W. 957. The evidence does not satisfy us that there is "proof evident" of a capital crime to the degree that in the due administration of the law a jury would probably inflict the death penalty. The rule is that bail should be granted unless the "evidence is clear and strong, leading a well guarded and dispassionate judgment to the conclusion that the offense has been committed; that the accused is a guilty agent, and that he would probably be punished capitally if the law is administered." Ex Parte Townsley, 220 S. W. 1092.

The judgment denying bail is reversed and bail granted in the sum of $5,000.00.

*Reversed and bail granted.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.