EX PARTE JOHNNY H. PRINGLE.

No. 13,492.  Delivered April 2, 1930.

Reported in 27 S. W. (2d) 167.

The opinion states the case.

*Mays & Mays* of Fort Worth, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, Judge.—Indicted for murder, relator was denied bail. That he killed deceased is conceded.

The state's testimony was in substance as follows: Deceased, James Harney, was in relator's automobile. Relator stepped upon the running board of the car, called deceased a "d–d s– of a b–," pointed a pistol at him and told him that he was going to kill him. He struck deceased in the face and told him to get out of the car as he was going to kill him. Getting off the running board, relator went to the other side of the car and again pointed his pistol at deceased. He took hold of deceased and again told him to get out of the car. When deceased's hat was knocked off he reached in the back of the car for it and relator told him not to reach for that gun. Relator told deceased that he (deceased) would have to call "them" up and tell them that he had lied on relator. Deceased got out of the car while relator held the gun on him. After deceased got out of the car, relator shot him through the stomach. After shooting deceased, relator cursed him and told him to get off of the sidewalk. Relator followed deceased into a cafe, holding the gun on him, cursing him and telling him he ought to finish him up. After reaching the cafe deceased fell to the floor. He died in a hospital in two or three days. Deceased was unarmed at the time he was shot, and was making no demonstration toward relator.

Relator did not testify. He offered a witness who testified that deceased had told him two months prior to the homicide that he was going to kill relator when the opportunity presented itself, as relator had sent him to the penitentiary. Another witness testified that deceased was looking for relator on the day of the homicide and that deceased told him shortly prior to the homicide that he was going to kill relator. One of relator's witnesses testified that deceased raised his hand up about his waist line at the same time relator shot him. He said he could not tell whether deceased was reaching for anything or not. Another witness for relator testified that deceased made a pass with his left hand under his coat and it sounded to him like deceased said "I will kill you." He would not say that deceased in fact used such language. This witness testified that he picked up a half-opened pocket knife near the spot where deceased was standing after the parties had left the scene of the homicide. There was no evidence that the knife belonged to deceased. On the contrary a witness for the state testified that it did not belong to deceased. One of the witnesses for relator testified that if the witness had picked up the knife he would have seen

it as he was present. He said he did not see a knife picked up by the witness. No witness saw anything in the hands of deceased.

In determining whether the accused is entitled to bail, this court has found it necessary to inquire if express malice be shown. Ex parte Polk, 268 S. W. 464, and authorities cited. The testimony of the state shows express malice.

Because there may be evidence in the record raising the issue of self-defense does not, in every case, require the overturning of the decision of the trial judge denying bail. Ex parte Polk, supra, and authorities collated. However, "in ordinary cases where the issue of self-defense appears reasonably well supported by the record, this court has held same bailable." Ex parte Rivera, 285 S. W. 327. The opinion is expressed that the facts of the instant case are not within the rule last announced. We do not hold that it would be proper for the trial court to omit from the charge an instruction covering the law of self-defense in the event the question should be presented upon the trial as here presented.

We are of the opinion that there is proof of a capital crime in the degree that in the due administration of the law the jury would probably inflict the death penalty. It is the rule that "if the evidence is clear and strong, leading a well-guarded and dispassionate judgment to the conclusion that the offense has been committed, that the accused is a guilty agent, and that he would probably be punished capitally if the law is administered, bail is not a matter of right." Ex parte Townsley, 220 S. W. 1092.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.