### EX PARTE SHERWOOD VINSON.

No. 19083.    Delivered April 21, 1937.

The opinion states the case.

*Percy Foreman,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was indicted by the grand jury of Harris County for the offense of robbery by the use of firearms. By virtue of a capias duly issued appellant was arrested and confined in the county jail. Thereafter on the first day of April, 1937, he applied to the Honorable Langston G. King, Judge of the Criminal District Court Number Two, of Harris County, for a writ of habeas corpus seeking his release upon bail during the pendency of said cause. Upon a hearing

thereof the judge of said court remanded appellant to the custody of the sheriff without the benefit of bail. Section 11 of Article 1 of our Constitution provides:

"All prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident." * * *

Without entering upon a detailed discussion of the testimony we deem it sufficient to say that the testimony as to the identity of the appellant is contradictory and in our opinion not of that degree of certainty and cogency as to bring it within the meaning of the word "evident." See Ex parte Lopez, 78 Texas Crim. Rep., 533; Ex parte Mathis, 92 Texas Crim. Rep., 289.

Having reached the conclusion that the appellant is entitled to bail, it is therefore ordered that the judgment denying bail be reversed and that bail is granted in the sum of $5000.00 upon the execution of which with sufficient sureties to be approved by the sheriff of Harris County, he shall be discharged pending the trial of this case on its merits.

*Judgment reversed and bail granted.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.