## EX PARTE JESSIE MCINTOSH.

No. 23021. Delivered November 29, 1944.

The opinion states the case.

*E. L. Myers,* of Paris, and *Hal Welch,* of Hugo, Okla., for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relator is charged by indictment with robbery with firearms, and he sued out a writ of habeas corpus before the district judge of such county on May 17, 1944. At a hearing thereunder it appears that such judge denied bail to relator and remanded him to the custody of the sheriff of Lamar County, to which action of the court relator excepted and gave notice of appeal to this appellate court. That thereafter, on October 21, 1944, relator sued out a further application for the issuance of a writ of habeas corpus before the same judge, by virtue of Art. 171, C. C. P., which writ was granted and the matter again heard on October 24, 1944, and after a hearing thereon relator was again refused bail and remanded to the custody of the sheriff.

From the above statement it can be seen that the action of the court upon the application of date May 17, 1944, should be either pending in this court or should have been heretofore disposed of by this court. Neither of such things have occurred, and our records do not show the appearance of such appeal herein. Evidently, however, the careful trial court decided to try this latter application upon its merits, by virtue of Art. 171, C. C. P., which provides for the obtaining of a second writ of habeas corpus by stating in the "application therefor that since the hearing of his first application important testimony has been obtained which it was not in his power to produce at the former hearing. He shall also set forth the testimony so newly discovered; and, if it be that of a witness, the affidavit of the witness shall also accompany such application." There is no affidavit of any witness accompanying such application. Again, the respondent excepted to relator's application on two grounds: (1) That same, being a second application, showed upon its face that such newly discovered testimony was not important, but merely impeaching in nature, and (2) that the affidavit of such witnesses did not accompany such application. It seems to us that both of such exceptions were sound, but evidently the trial court in an excess of caution, decided to again hear the facts herein.

The facts produced show a robbery by the use of firearms upon one W. G. Stroup, who was bound and gagged, and upon a threat of being burned to death in his home, where he resided alone, he was robbed of some $430.00 in money, some diamond rings and a shotgun. His identification of relator was positive and unequivocal as the man who robbed him by exhibiting a pistol, and binding and gagging him, and threatening to burn him and his home.

Relator relies upon the cases of Ex Parte Grayson, 284 S. W. 552; Ex parte Townsley, 220 S. W. 1092, and Ex Parte Gibson, 17 S. W. (2d) 820, as laying down the doctrine that one indicted for a capital offense is entitled to bail unless the State shows a state of facts upon which it is probable that a jury would assess a death penalty.

Regardless of the reasoning in the above cases, we think the present case is governed by the case of Ex Parte Collins, 118 Texas Cr. R. 146, 38 S. W. (2d) 789. We quote therefrom:

"Proof of the commission of the robbery and the identity of the accused is evident. It is likewise evident that they used firearms as a bludgeon and in connection with their threats to

kill the inmates of the bank in which the robbery took place to compel their submission to the wills of the accused.

"No brief is before us, and we are not therefore made aware of the contention of counsel for the appellants. However, we assume that reliance is had upon the fact that, because no one was killed in committing the robbery, the infliction of the death penalty is improbable to a degree which would entitle the appellants to bail. There are recent precedents which would rebut such an assumption, notably Allen v. State, 21 S. W. (2d) 527, in which, under similar circumstances, the death penalty was assessed in the trial court and affirmed by this court."

It is evident from the record that the State is at no fault because of this matter not having been tried before a jury.

Under the facts here presented, this judgment is affirmed.