# DECEMBER 12, 1945

## EX PARTE C. A. GRAGG.

No. 23278. Delivered December 12, 1945.

BEAUCHAMP, Judge, dissenting.

The opinion states the case.

*A. S. Baskett,* of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

This is an appeal from an order of the Honorable Winter King, Judge of the Criminal District Court of Dallas County, Texas, denying bail to the appellant in a habeas corpus proceeding instituted for the purpose of securing same.

The record discloses that at the April Term, 1945, of the Criminal District Court No. 2 of Dallas County, Texas, the grand jury returned two indictments against appellant, one of which charged him with the murder of his wife, Flora Gragg, and the other charging him with the murder of Brady Lynn Blassingame. Upon the return of the indictments by the grand jury, the clerk of said court issued a capias for the arrest of the appellant. He was arrested and confined in jail by the sheriff of said county under and by virtue of said capias. On the 12th day of May, 1945, he applied to the Honorable Winter King, Judge of the Criminal District Court of said county, for a writ of habeas corpus, wherein he alleged that he was being illegally restrained of his liberty by R. A. (Smoot) Schmid, sheriff of said county. The writ was granted as prayed for and upon hearing thereof appellant was remanded to the custody of the sheriff without the benefit of bail. From said order he prosecutes this appeal.

We see no need of stating the facts relative to the offenses charged inasmuch as they are in all respects similar to those as reflected by the record in the case of Chesley Arthur Gragg v. State, (No. 22,938), reported in 186 S. W. (2d) 243. (148 Texas Crim. Rep. 267).

We do not believe that under the well-established rules relative to bail that the proof meets the requirements of the law which would justify us in sustaining th order of the trial judge.

Article 1, Section 11, of our Constitution, provides as follows:

"All prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident."

The word "evident" has often been defined by this court. in the case of Ex parte Bates, 235 S. W. 879, 90 Tex. Cr. R. 406, Judge Hawkins, speaking for the court, said that the word "evident" not only means that the proof is plain, clear and obvious that that offense has been committed, but also that the death of the deceased was produced by the unlawful act or acts of the accused. This court has pronounced the following rule for observance in cases of this nature: (1) The burden of proof is on the State to establish by evident proof that a capital offense has been committed; (2) that by the same character of proof the accused is the guilty perpetrator of said offense; and (3) that to deny bail, the court must find these propositions in the affirmative. See Ex parte Smith, 23 Tex. Cr. App. 100, (in fact p. 145) ; Ex parte Hill, 83 Tex. Cr. R. 146, 201 S. W. 996, and cases therein cited. See also Hernandez v. State, 110 Tex. Cr. R. 159.

After reviewing the entire record, we have reached the conclusion that the court below erred in denying bail. Therefore, the judgment of the court is reversed and appellant is granted bail in each case in the sum of $5,000.00, upon the execution of which, with good and sufficient sureties, he shall be released from custody pending his trial upon the merits of the cases.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

BEAUCHAMP, Judge (dissenting).

I am not in accord with the majority in holding that appellant is entitled to bail. The case has been before this court on its merits, Gragg v. State, 186 S. W. (2d) 243. The facts are the same. I was of the opinion then that the circumstances were sufficient to support the conviction, and so expressed myself. I have not changed my position. Inasmuch as the majority in that appeal has held the evidence sufficient, and inasmuch as a Dallas County jury has once given him the death penalty under the evidence in the case, I am unable to understand how we could now hold that his guilt is not evident and that a jury may not give him the death penalty when the case is tried. If the evidence is sufficient, the circumstance of a man taking the life of his wife and his step-son for the purposes clearly de-

veloped by the evidence precludes the possibility of any mitigating circumstance.

Neither am I able to see why a bond of Five Thousand Dollars in each case should be fixed. There is no evidence in this appeal which will justify so small a bond.

I respectfully dissent from my associates in the conclusion which they have reached and am unable to join in the approval of the foregoing opinion.