## Ex Parte Sam Cates.

No. 6334. Decided June 9, 1921.

1.—Habeas Corpus—Notice of Appeal.

Where the appeal was dismissed for want of notice of appeal, but the record was thereafter amended so as to show such notice, the appeal will be determined upon its merits.

2.—Same—Practice on Appeal.

Where pending the appeal from a refusal of bail, the defendant was tried and convicted and punishment fixed at less than capital, together with other circumstances in the case, bail is allowed.

Appeal from the District Court of Crosby.   Tried below before the Honorable W. R. Spencer.

Appeal from a habeas corpus proceedings denying bail.

The opinion states the case.

*Lloyd A. Wick,* and *W. H. Bledsoe,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

ON REHEARING.

June 9, 1921.

HAWKINS, JUDGE.—This is an appeal from an order of the District Judge remanding relator to the sheriff without bail.   At a previous day of the term the appeal was dismissed because the record disclosed no notice of appeal from the order of the District Judge.

Upon motion for rehearing we find attached a certificate of the District Judge to the effect that notice of appeal was given.   Therefore, the motion for rehearing is granted and the matter will now be determined upon its merits.

The facts in the case will not be set out in detail.   The main case has been before this court heretofore, and the opinion will be found reported in 88 Texas Crim. Rep., 570, 227 S. W. Rep., 953.   After the mandate in that case was issued, the present *habeas corpus* proceedings were begun.   Sufficient facts are detailed in the opinion referred to for the purposes of this application for bail; and having in mind the verdict of the jury upon the former trial of the case, which fixed the punishment at less than capital, and the fact that certain testimony admitted upon that trial was held to have been erroneously admitted, and all of the other facts in the case being taken into consideration, we have reached the conclusion that it is a case where we would not be authorized in saying that the jury, upon another trial in the discharge of their duty, would be likely to inflict a death penalty.

Therefore, the judgment of the trial court will be reversed, and the relator admitted to bail in the sum of $15,000.

*Bail granted.*