## Ex Parte Alvin Francis.

### No. 6865.   Decided April 5, 1922.

Habeas Corpus—Bail—Vacation—Transcript—Express Malice.

Where it appeared on appeal from an order of the District Judge remanding relator without bail that the transcript is certified by the district clerk, the same must be dismissed, as the law requires that the judge in vacation must certify thereto. Besides there is no notice of appeal. Following Ex Parte Cates, 89 Texas Crim. Rep., 504, and other cases. However, the record having been perfected, the case will be heard upon its merits, and it is the opinion of the court that bail should be granted, the presumption of express malice being not against relator.

Appeal from the District Court of Cottle.   Tried below before the Honorable J. H. Milam in vacation.

Appeal from a habeas corpus proceeding denying bail.

*McDonald & Cummings,* for relator.—Cited Ex Parte Firman, 131 S. W. Rep., 1116; Ex Parte Russell, 160 id., 75; Ex Parte Dooley, 170 id., 303; Ex Parte Stevenson, 160 id., 77; Ex Parte Burton, 170 id., 308.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited Hart v. State, 87 Texas Crim. Rep., 65; Brown v. State, 174 S. W. Rep., 360; Dougherty v. State, 59 Texas Crim. Rep., 464.

HAWKINS, Judge.—This appears to be an appeal from an order of the District Judge remanding relator without bail. The record is not in condition to show that the jurisdiction of this court has attached. The order of the judge remanding relator is as follows:

"IN THE DISTRICT COURT OF COTTLE COUNTY, TEXAS.
IN VACATION.

Ex Parte Alvin Francis.

I am of the opinion that the said Alvin Francis is legally held in custody and under restraint of his liberty by the said respondent, Morgan Wright, Sheriff of Cottle County, Texas.

It is therefore ordered and adjudged that the application of the said Alvin Francis herein be denied and that the said Alvin Francis be and is hereby remanded to the custody of said respondent, Morgan Wright, Sheriff, aforesaid.

J. H. Milan.''

It will be observed from the foregoing order that the hearing was had in vacation. The transcript is certified to by the District Clerk of Cottle County. Article 950, Vernon's C. C. P. provides that when the proceedings upon habeas corpus take place before the court in session the transcript shall be prepared and certified to by the Clerk; but when had before the judge in vacation, the transcript may be prepared by any person under the direction of the judge and certified by such judge. There is no certificate by the judge as to the correctness of the transcript in the instant case, and to that extent the provisions of Article 950 have not been complied with.

The transcript shows no notice of appeal from the order of the judge remanding relator. Without notice of appeal this court has no jurisdiction to review the proceedings even though the transcript were properly certified to. Ex parte Cates, 89 Texas Crim. Rep. 504; Ex parte Shearman, 89 Texas Crim. Rep. 341.

For the reasons stated the appeal is dismissed.

*Dismissed.*

ON REHEARING.

April 5, 1922.

MORROW, Presiding Judge.—The record having been perfected. the order of dismissal is set aside, and on the merits of the case, we have to say that the relator is held without bail upon a charge of murder, and brings the matter here for review.

The relator, a young man about twenty years of age, shot and killed Walter Tucker, an older man. Four shots were fired. The homicide took place in a small building, about twenty by forty feet, which was used as a grocery store. Several persons were present. Both the relator and the deceased had been in the building for some minutes, the deceased coming in after the relator had entered the store. It seems that a general conversation had been in progress for a few minutes. Some goods were brought into the store, and all the parties present except the relator and the deceased went to the rear of the building to examine the articles, the deceased and relator remaining near the fire and conversing with each other. The relator said. ''Stick them up,'' at the time having his pistol in his hand. The deceased put his hands up, at the same time sliding off the counter, and the relator began shooting and continued to do so until the deceased fell.

There was inquiry made as to the position of the hands of the deceased at the time he was directed to ''stick them up,'' but little is

disclosed on the subject. There was only one eyewitness used by the State.

We are of the opinion that, on the record, the bail should not have been denied. The burden was upon the State to produce proof evident of the offense. To do this, within the meaning of the Constitution, we think it was necessary to prove express malice. Firman v. State, 60 Texas Crim. Rep. 370; Ex parte Townsley, 87 Texas Crim. Rep. 252; Ex parte Young, 87 Texas Crim. Rep. 413.

The cause of the homicide is unexplained. The facts evidently are only partially developed, as several eyewitnesses were not called to describe the occurrence. There is some evidence of the previous difficulty, though at the immediate time of the shooting the parties were talking and their words were not heard by others. The attitude of the deceased is not fully described. The presumptions are not indulged against the relator. He may have been unjustifiable and still entitled to bail. Cordono v. State, 56 Texas Crim. Rep. 459; Rice v. State, 51 Texas Crim. Rep. 283; Farrer v. State, 42 Texas Reports, 271. The presumption of express malice is not against him. Hamby v. State, 36 Texas Crim. Rep. 523; Dougherty v. State, 59 Texas Crim. Rep. 464; Potts v. State, 56 Texas Crim. Rep. 44.

The relator, in our judgment, should be discharged on bail in the sum of $5,000, and it is so ordered.

*Bail granted.*