### EX PARTE O. H. SHARP.

No. 10392.  Delivered June 25, 1926.

**Habeas Corpus—To Reduce Bail—Refused.**

Where appellant was held by an examining magistrate on a charge of theft from the person, and his bail fixed in the sum of $1,000.00, and on the hearing of a writ of habeas corpus the District Judge refused to reduce the amount of the bail, there being no evidence that it was excessive, nor showing of appellant's penurious circumstances, the record would not justify relief on appeal.  Following Miller v. State, 42 Tex. Crim. Rep. 309.

Appeal from the District Court of Nueces County.  Tried below before the Hon. A. W. Cunningham, Judge.

Appeal from an order of the District Court remanding relator to the custody of the Sheriff of Nueces County.

*E. T. Simmang, Jr.* of Corpus Christi, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Relator was charged by complaint in the magistrate's court with the offense of theft from a person.  Upon the hearing the magistrate ordered him to

await the action of the grand jury and fixed bail in the sum of $1,000. The District Judge, upon the application of relator, issued a writ of habeas corpus and upon the hearing thereof, declined to discharge the relator or modify the order fixing bail.

The proceedings were had in chambers. The transcript of the proceedings is not certified by the judge as required by statute. See Ex Parte Malone, 35 Tex. Crim. Rep. 295, and cases following, collated in Rose's Notes on Tex. Rep., Vol. 5, p. 1062; also Vernon's Tex. Crim. Stat., Art. 950. Nor does it contain notice of appeal. See Ex Parte Barrier, 17 Tex. Crim. App. 585.

The statement of facts is not certified by the trial judge as required by Art. 950, Vernon's Tex. Crim. Stat., Vol. 2, Art. 950. See also Ex Parte Malone, supra; Ex Parte Calvin, 40 Tex. Crim. Rep. 84; Ex Parte Overstreet, 39 Tex. Crim. Rep. 468.

For the reasons stated, the record is not in a condition for us to consider the merits thereof. However, even if the law permitted us to do so, the relator being charged by complaint with a felony and held by the examining court and the District Judge on a writ of habeas corpus in default of bail allowed in the sum of $1,000, and there being no evidence that it was excessive nor showing the appellant's pecuniary circumstances, the record would not justify relief upon appeal. See Miller v. State, 42 Tex. Crim. Rep. 309; Ex Parte Clay, 84 S. W. 241.

The appeal is dismissed.     *Dismissed.*