**Ex parte Wayne WESTON.**

**No. 55654.**

Court of Criminal Appeals of Texas.

Oct. 5, 1977.

Russell M. Aboud and Richard M. Lovelace, El Paso, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is a purported appeal in a habeas corpus proceeding.

On June 27, 1977, the petitioner filed an application for a writ of habeas corpus with the trial court seeking to have bail set pending the appeal of an order revoking probation in which punishment had been assessed at five years. On June 28, 1977, the trial judge entered a judgment denying bail. On July 11, 1977, appellant filed a notice of appeal. We must determine whether the July 11 notice of appeal is sufficient to confer jurisdiction on this Court.

In *Ex parte Mayes*, 538 S.W.2d 637, 638 (Tex.Cr.App.1976), we find the following:

"In order to obtain review by this court from an order of the trial court in a habeas corpus proceeding in which the object is the setting or reduction of bail, the habeas corpus applicant must invoke the appellate jurisdiction of this court. This latter type proceeding is not subject to automatic review by this court under Article 11.07, (Vernon's Ann. C.C.P.); rather, it is subject to review under Article 44.34, Vernon's Ann. C.C.P., after notice of appeal has been *timely* given in accordance with Article 44.08, Vernon's Ann. C.C.P. See *Ex parte Silva*, 486 S.W.2d 349 (Tex.Cr.App.1972), and cases cited under Annotation 23, Article 44.08, supra." (Emphasis supplied).

Article 44.08(a), V.A.C.C.P., provides:

"It shall be necessary for defendant, as a condition of perfecting an appeal to the Court of Criminal Appeals, to give notice of appeal. This notice may be given orally in open court or may be in writing filed with the clerk. Such notice shall be sufficient if it shows the desire of defendant to appeal from the conviction to the Court of Criminal Appeals."

Subdivision (b) of Article 44.08 provides that, in death penalty cases [1] and in probation cases where imposition of sentence has been suspended, notice of appeal must be given or filed within ten days after the overruling of a motion or amended motion for a new trial, or within ten days after entry of judgment on the verdict. Subdivision (c) of Article 44.08 provides that, in all other cases, notice of appeal shall be given or filed within ten days after sentence is pronounced. Subdivision (d) of the statute provides that an appellate record will be deemed sufficient to show notice of appeal if certain requisites are met; and, subdivision (e) of that article permits the trial court, for good cause shown, to permit the giving of notice of appeal after the expiration of such ten days. Article 44.08, supra,

---

[1] On June 14, 1973, new Article 37.071, V.A.C.P., became effective. Subdivision (f) of that article provides:

"(f) The judgment of conviction and sentence of death shall be subject to automatic review by the Court of Criminal Appeals within 60 days after certification by the sentencing court of the entire record unless time is ex-

tended an additional period not to exceed 30 days by the Court of Criminal Appeals for good cause shown. Such review by the Court of Criminal Appeals shall have priority over all other cases, and shall be heard in accordance with rules promulgated by the Court of Criminal Appeals."

does not expressly set a time limit for giving notice of appeal in habeas corpus cases.

Article 44.34, V.A.C.C.P., provides:

"When the defendant appeals from the judgment rendered on the hearing of an application under habeas corpus, a record of the proceedings in the cause shall be made out and certified to, together with all testimony offered, and shall be sent up to the Court of Criminal Appeals for review. This record shall be sent up to the Court of Criminal Appeals within fifteen days after the date of the judgment, except that if good cause is shown, the time may be extended by the Court of Criminal Appeals. The record, when the proceedings take place before the court in session, shall be prepared and certified by the clerk thereof; but when had before a judge in vacation, the record may be prepared by any person, under direction of the judge, and certified by such judge."

In *Ex parte Mayes*, supra, we held that an appeal, such as the one in the instant case, is not an automatic proceeding but is one subject to review under Article 44.34, supra, after notice of appeal has been timely given in accordance with Article 44.08, supra. The time in which to give notice of appeal in a habeas corpus proceeding is not expressly stated in Article 44.08, supra. As a practical matter, notice of appeal in such cases should be given as soon as possible but within a shorter period than ten days from the judgment. This is because the statute requires that the record in the habeas corpus proceeding be sent to this Court within fifteen days after the date of the judgment, except that if good cause is shown, that time may be extended by this Court. Consequently, construing Articles 44.08 and 44.-34, supra, together, we hold that, in order to timely perfect an appeal in a habeas corpus proceeding, notice of appeal must be given or filed within ten days after the rendition of the judgment of the trial court.

In the instant case the trial court rendered judgment denying the relief prayed for on June 28, 1977. Notice of appeal was not given until July 11, 1977, which was in excess of the ten-day period of time for it

to have been timely given; and, there is no showing of good cause for a belated notice of appeal under Article 44.08(c), supra.

The appeal is dismissed.