**Ex parte Clifford D. NOE.**

No. 978–82.

Court of Criminal Appeals of Texas, En Banc.

March 1, 1983.

Anthony J. Blazi, San Antonio, for appellant.

Bill M. White, Dist. Atty., Ed Coffey and James L. Bruner, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Supposedly the appellant "appealed" from the denial of the issuance of a writ of habeas corpus. Apparently appellant had been ordered remanded to custody for the purpose of extradition in a habeas corpus proceeding. An appeal was taken. Subsequently appellant filed another application for writ of habeas corpus seeking the setting of bail by the trial court pending appeal of the extradition order. The application was denied.

On "appeal" from this latter action, the San Antonio Court of Appeals noted the pending of an appeal from the earlier extradition order in their cause no. 04–82–00105–CR. Then, in a brief opinion, that court stated the "record" showed that after appellant's arrest on unrelated charges he was found to be a fugitive from the State of Mississippi where he had been convicted of felony charges. Relief was denied on the basis that there is no right to bail pending

appeal of an extradition order if the demanded individual has been convicted in the demanding state.

Appellant's petition for discretionary review was granted.

While the Court of Appeals may have turned for facts to the record before that court on appeal from the extradition order in their cause no. 04–82–00105–CR, that record is not before this court.

There is not in the record an application for writ of habeas corpus seeking the setting of bail, no answer by the State, if any, and no written order of the court in connection with said application. There is no docket sheet, not even a clerk's transcription of any description. In fact, the only trial record is the transcription of the court reporter's notes from a proceeding in "a . . . writ" in trial court cause no. 82–W0059. After a colloquy between the court and attorneys, including the citation of cases, the trial judge stated, ". . . and I will deny your new application for writ . . . ."

It is obvious from the record that the court refused to issue or grant the writ of habeas corpus.[1] Further, there is no notice of appeal in this record.

■ There is no appeal from a refusal to issue or grant a writ of habeas corpus even after a hearing. *Ex parte Moorehouse,* 614 S.W.2d 450 (Tex.Cr.App.1981); *Ex parte Hughes,* 20 S.W.2d 1070 (Tex.Cr.App.1929); *Ex parte Smith,* 85 Tex.Cr.R. 649, 215 S.W. 299 (Tex.Cr.App.1919); *Ex parte Blankenship,* 57 S.W. 646, 647 (Tex.Cr.App.1900). Article 44.34, V.A.C.C.P., note 5. The appellate courts do not have jurisdiction in such a situation. *Ex parte Nichlos,* 245 S.W.2d 704 (Tex.Cr.App.1952). See also *Ex parte Wade,* 147 Tex.Cr.R. 94, 178 S.W.2d 690 (Tex.Cr.App.1944).

■ Even if it could be argued that this proceeding was appealable, neither this court nor the Court of Appeals has jurisdiction where no notice of appeal is given and there is no showing of good cause for the absence of such notice. *Ex parte Mayes,* 538 S.W.2d 637 (Tex.Cr.App.1976); *Ex parte Weston,* 556 S.W.2d 347 (Tex.Cr.App. 1977); *White v. State,* 629 S.W.2d 262 (Tex. Cr.App.1982). See also *Ex parte Sharp,* 104 Tex.Cr.R. 563, 285 S.W. 1090 (Tex.Cr.App. 1926); *Ex parte Francis,* 91 Tex.Cr.R. 398, 239 S.W. 957 (Tex.Cr.App.1922); *Ex parte Cates,* 89 Tex.Cr.R. 504, 231 S.W. 396 (Tex. Cr.App.1921).

It has now been made to appear that the order remanding appellant for extradition in cause no. 04–82–00105–CR in the San Antonio Court of Appeals was affirmed on January 26, 1983 and a motion for rehearing has not been filed. The question of bail pending appeal in said cause is now moot under any circumstances.

The judgment of the Court of Appeals is reversed and the appeal is dismissed.

ODOM, J., concurs in the dismissal.

CLINTON, Judge concurring.

January 26, 1983, we granted appellant's petition for discretionary review, prepared and filed by an attorney; given the nature of the proceeding, we also indicated disposition of the cause was to be expedited. In that spirit the cause was promptly submitted and a proposed opinion circulated two weeks thereafter, granting a measure of relief to applicant: a hearing in the trial court for the purpose of fixing bail pending appeal of the order remanding him to custody in the underlying extradition matter.

Notwithstanding that the Court of Appeals characterized the cause before it as "an appeal from the trial court's denial of bail pending the disposition of the appeal," considered the merits of the sole issue presented—deciding it erroneously—and then affirmed the "order of the trial court denying bail," the Court now reverses the judgment below and dismisses the appeal on account of an inadequate record in *this* Court, and mootness.

1. We are not dealing with a case where the trial court, after the filing of a habeas corpus application, grants or issues the writ of habeas corpus, and after a hearing, grants or denies relief.

The statutes governing such matters expressly relax the more rigid formalities of an ordinary appeal after conviction. Article 44.36, V.A.C.C.P., directs that "such appeal shall be heard and determined upon the law and the facts arising from the record" and instructs that "the only design of the appeal or discretionary review is to do substantial justice" to the applicant. Article 44.37, V.A.C.C.P., mandates that the appellate court, including this Court, "shall enter such judgment, and make such orders as the law and the nature of the case may require," and then, intending that pertinent issues thus promptly resolved achieve a status of finality—"the judgment of the Court of Criminal Appeals shall be final and conclusive"—Article 44.38, V.A.C.C.P., provides that "no further application in the same case can be made for the writ, except in cases specially provided for by law."

An overwhelming majority of this Court believed from the outset that the opinion and judgment of the Court of Appeals are wrong[1] and that applicant was entitled to a hearing on his petition for reasonable bail pending appeal.[2] But while we debated, this applicant continued to languish in the Bexar County Jail until ultimately the Court of Appeals affirmed the habeas court's order in the primary extradition proceeding. The Great Writ promises that kind of injustice need not be suffered by any citizen. We have here breached the promise and allowed the matter to become moot.

1. Article 44.35, V.A.C.C.P. as construed by this Court in *Ex parte Quinn,* 549 S.W.2d 198, 200 (Tex.Cr.App.1977).

2. Since approval of the recent constitutional amendments modifying the appellate judicial structure and authority in criminal cases followed by enactment of the implementing legislation effective September 1, 1981, this Court has more than seventeen months experience in its decidedly new and different role as a reviewing court of last resort in Texas. Yet, we still seem to have some difficulty in coming to grips with intended purposes and assigned functions of the Court, the essence of which, as I see them, is more to examine, analyze and evaluate opinions and rulings of the courts of

Because there is now nothing to decide, I concur in the dismissal.

TEAGUE, MILLER and CAMPBELL, JJ., join.

MILLER, Judge, dissenting.

I concur with Judge Clinton that this writ should be remanded to the trial court for a hearing to set bail but I would do so after considering the "appeal" from denial of the issuance of a writ of habeas corpus as an original proceeding in the court of criminal appeals. *See Ex parte Sheppard,* 548 S.W.2d 414 (Tex.Cr.App.1977). It is apparent that appellant is not seeking to avoid available local relief but has, in fact, exhausted all of his remedies in the lower courts.

appeals on the merits of issues resolved by the intermediate court than to explore the record made in the trial court for procedural faults. Indeed, with its many years of writ of error jurisdiction the Supreme Court of Texas has found it acceptable that an application for writ of error contain, *inter alia,* a "Statement of the Case" by which is meant a "general statement of the nature of the suit" followed by: "The opinion of the Court of Appeals correctly states the nature and result of the suit, except in the following particulars: [If any]." Texas Rules of Civil Procedure, Rule 469(c). Our own Texas Criminal Rules of Post Trial and Appellate Procedure were in part taken from that pattern. See, e.g., Rule 304(d)(2) and (3).