**Joseph URRUTIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00488–CR.**

Court of Appeals of Texas,
San Antonio.

March 30, 1984.

Richard E. Langlois, Kosub, Langlois & Van Cleave, San Antonio, for appellant.

Bill White, Criminal Dist. Atty., H. Wayne Campbell, James L. Bruner, Bexar

County Criminal Asst. Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, CANTU and REEVES, JJ.

## ON APPELLANT'S MOTION FOR REHEARING

CANTU, Justice.

On February 8, 1984, this Court dismissed the appeal in Cause No. 04-81-00488-CR for want of jurisdiction. The dismissal was based on appellant's failure to have filed with this Court (1) an order or judgment reciting the district court's action; and (2) a notice of appeal.

Although appellant asked for permission to supplement the transcript with an alleged order and obtained this Court's permission, to date no supplemental transcript containing such order has been filed. The records of this Court disclose, however, that appellant attached a copy of the purported order denying relief to his motion to supplement the record. This we held to be insufficient since it was not in the form of a supplemental transcript. *See Urrutia v. State*, No. 04-81-00488-CR (Tex.App.—San Antonio, Feb. 8, 1984) (not yet published); *see also* TEX.CODE CRIM.PROC.ANN. art. 40.09(7) (Vernon Supp.1984); TEX.R. CRIM.APP.P. 102 as incorporated in TEX. CODE CRIM.PROC.ANN. art. 44.33 (Vernon Supp.1984).

Appellant has now filed with this Court a motion for rehearing to reinstate his appeal. Appellant is asking this Court by way of rehearing, to reconsider our prior holding in light of his supplementation of the record, thus allowing him to establish this Court's jurisdiction over his appeal.

Although appellant has filed a supplemental statement of facts containing a notice of appeal given in open court, this cause is still before us without a proper order denying relief. In our first opinion, we cited numerous cases that stand for the proposition that a *judgment and a notice of appeal* are necessary to confer jurisdiction on this Court. *See Ex parte Weston*, 556 S.W.2d 347, 348 (Tex.Cr.App.1977); *Ex parte Mayes*, 538 S.W.2d 637, 638 (Tex.Cr.

App.1976); *Ex parte Flowers*, 138 Tex. Cr.R. 359, 136 S.W.2d 611, 612 (1940); *Ex parte Davis*, 105 Tex.Cr.R. 146, 287 S.W. 246, 246 (1926); *Ex parte Sharp*, 104 Tex. Cr.R. 563, 285 S.W. 1090, 1091 (1926); *Ex parte Francis*, 91 Tex.Cr.R. 398, 239 S.W. 957, 958 (1922); *Ex parte Cates*, 89 Tex. Cr.R. 504, 231 S.W. 396, 396 (1921); *Ex parte Smith*, 624 S.W.2d 671, 672 (Tex. App.—Beaumont 1981, no pet.).

Even with the now included notice of appeal, this Court still lacks jurisdiction for the reason that a supplemental transcript containing a proper order is still not on file. Appellant's motion for rehearing is, therefore, overruled.