**Fred Douglas RILEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 09–88–116 CR, 09–88–241 to 09–88–244 CR.**

Court of Appeals of Texas, Beaumont.

Nov. 2, 1988.

Fred D. Riley, Beaumont, pro se.

Tom Maness, Crim. Dist. Atty., Beaumont, John R. DeWitt, Asst. Dist. Atty., Jefferson County, Beaumont, for appellee.

**OPINION**

BURGESS, Justice.

Appellant was convicted of possession of a controlled substance on a plea of guilty and was sentenced to seven years' confinement in the Texas Department of Corrections. Pursuant to a plea bargain agreement, the state dismissed four other pending cases against appellant. Appellant then filed pro se two identical applications for writ of habeas corpus which were summarily denied by the court below March 3 and March 10, 1988. Appellant filed a notice of appeal from "the decision of My Pro-se Writ of Habeas Corpus application that was denied 3/10/88."

It is well settled that no appeal lies from the denial of an application for writ of habeas corpus which the trial court refuses to hear, *Ex parte Noe*, 646 S.W.2d 230, 231 (Tex.Crim.App.1983) and *Ex parte Moorehouse*, 614 S.W.2d 450, 451 (Tex.Crim.App. 1981), unless the writ involves a claim of double jeopardy, *Ex parte Tarver*, 725 S.W.2d 195, 196 (Tex.Crim.App.1986). Appellant's application does not involve such a claim; therefore, no appeal lies. *Ex parte Reese*, 666 S.W.2d 675 (Tex.App.—Fort Worth 1984, pet. ref'd).

The dissent wants to reach the merits of each individual case while recognizing the holding in *Ex parte Noe*, 646 S.W.2d 230 (Tex.Crim.App.1983). This is patently wrong.

The dissent has been perhaps unwittingly led into its position because of the posture of the record in this court. For some reason, these applications for writs of habeas corpus are assigned the same docket number below as that of the substantive case. This is to say they are treated as a pleading within that case. When the application is not considered by the trial judge, then portions of the substantive criminal matter are included in the transcript of the purported appeal of the application for writ of habeas corpus. The application for writ of habeas corpus is a separate legal matter. It should, in my opinion, be docketed sepa-

rately. Consequently, the record here would not contain matters having to do with the substantive criminal matter and thus invite review of that record by the dissenter.

The dissent places some significance on this court's prior order wherein we ordered the district clerk to prepare and forward a transcript. That order was concerned with the timeliness of the notice of appeal. While we ordered the district clerk to prepare a transcript, we did not order that the transcript contain all the instruments of the underlying cases.

Quite simply, this court has no jurisdiction and the appeal is dismissed.

Dismissed for Want of Jurisdiction.

DIES, Chief Justice, concurring.

It seems to me that this case is governed by *Ex parte Noe*, 646 S.W.2d 230 (Tex. Crim.App.1983), cited in the majority opinion, and that this court is without jurisdiction. For this reason, I concur with this opinion.

BROOKSHIRE, Justice, dissenting and concurring.

The dissenting part of this opinion is respectfully filed. This opinion will treat the record before us differently from the majority opinion because the majority treats the causes of action below as a unit, stating dogmatically that no appeal lies from the denial of an application for writ of habeas corpus which the trial court refuses to hear. The majority cites *Ex parte Noe*, 646 S.W.2d 230 (Tex.Crim.App.1983) and *Ex parte Moorehouse*, 614 S.W.2d 450 (Tex.Crim.App.1981). I have no quarrel with this broad statement. Both the court's opinion and the concurring opinion place heavy reliance upon *Ex parte Noe, supra.* I have no quarrel with this general statement. But the broad statement does not fit this record. *Ex parte Noe, supra,* arose out of an extradition matter. At a later time, Noe filed a second application for writ of habeas corpus seeking bail to be set by the trial court pending an "appeal" of an extradition order. Noe had previously been finally convicted in the State of

Mississippi on certain felony charges. The court, in *Ex parte Noe, supra,* held this, at page 231:

"There is no appeal from a refusal to issue or grant a writ of habeas corpus even after a hearing...."

The Court of Criminal Appeals cited *Ex parte Moorehouse, supra; Ex parte Hughes,* 20 S.W.2d 1070 (Tex.Crim.App. 1929); *Ex parte Smith,* 85 Tex.Crim.R. 649, 215 S.W. 299 (Tex.Crim.App.1919). [Other citations omitted.] The court wrote, at page 231:

"The appellate courts do not have jurisdiction in such a situation...."

I do not take exception to either of these quotes, nor can I. *Ex parte Moorehouse, supra,* involved an attempted appeal—an attempted appeal appearing to be in the form of an ordinary appeal—from an order of contempt. The court held, unequivocally, that there was no right of appeal from an order of contempt and that the giving of a notice of appeal in writing, from a judgment or order of contempt, was a nullity. Certainly, no matter or question of contempt is reflected in this record. If a claim of double jeopardy is made, a different rule applies. *Ex parte Tarver,* 725 S.W.2d 195 (Tex.Crim.App.1986).

It is important and fair to recite a per curiam order entered by this, the Ninth Court of Appeals, on August 25, 1988. The order reads:

Fred D. Riley, Appellant,

v.

The State of Texas, Appellee

Appealed from the Criminal District Court of Jefferson County, Texas

No. 09–88–116 CR

ORDER

"This is an appeal from a habeas corpus proceeding in the trial court. Appellant filed his written notice of appeal on April 19, 1988. On April 20, 1988, the trial court ordered that the district clerk was not to process this appeal because the trial court had determined that appellant's notice of

appeal was not timely filed under *TEX.R. APP.P. 41(b)(1)*. The trial court's order to the district clerk was forwarded to this court along with appellant's notice of appeal.

"*TEX.R.APP.P. 44(a)* reads, in pertinent part, as follows:

"*(a) The Record.* In habeas corpus ... proceedings when written notice of appeal from a judgment or an order is filed, the transcript and, if requested by [appellant], a statement of facts, shall be prepared and certified by the clerk of the trial court and, within fifteen days after the notice of appeal is filed, sent to the appellate court for review. The appellate court may shorten or extend the time for filing the record if there is a reasonable explanation for the need for such action...."

"The language of this rule is mandatory. It is for this court to determine whether appellant's notice of appeal was timely filed. Without a transcript of the proceedings it is impossible for this court to make that determination. Therefore, the trial court's order that no appeal be processed is void. We hereby order the District Clerk of Jefferson County to prepare a transcript and a statement of facts, if requested by appellant, and that such record be sent to this court on or before September 8, 1988.

"Entered this the 25th day of August 1988.

### "PER CURIAM"

It is interesting to note that, at least tentatively, the per curiam order stated that this proceeding was an appeal from a habeas corpus proceeding in the trial court. Nevertheless, the trial judge, complying with the August 25th, 1988, per curiam order, reviewed the several causes of action that had been pending before the Criminal District Court of Jefferson County. From this review, it is shown that the following proceedings took place in the District Court.

In trial cause No. 48997, concerning the possession of a controlled substance, Fred Douglas Riley [a.k.a. Fred Douglas Riley, Jr. and Fred D. Riley] was sentenced, *after a hearing conducted on the merits*, to seven years incarceration in the Texas Department of Corrections. In said cause No. 48997, the indictment charged Fred Douglas Riley with intentionally and knowingly possessing a controlled substance in Penalty Group I, namely Cocaine, in an aggregate weight, including any adulterants or dilutants, of 28 grams or more but less than 400 grams. The possession was alleged to have occurred on May 16, 1987. In that case, the record shows that Fred Riley was given the admonishments appropriate to the indictment. The written admonishments were signed by the presiding trial judge. The then defendant, Riley, stated that he understood the admonishments of the court and was aware of the consequences of his plea and that his plea was freely and voluntarily given. He agreed to certain other, numerous waivers such as, inter alia, his right of a jury trial. He waived other rights and gave up his right to the appearance, confrontation and cross-examination of witnesses. Riley consented to written stipulations of evidence. Riley swore that, among other matters, he had read the indictment and that he had committed each and every allegation in the indictment and that he was guilty of the offense alleged as well as all lesser included offenses.

Fred D. Riley's signature was properly subscribed and sworn to before a deputy district clerk of Jefferson County. His defense counsel, the counsel for the State and the presiding judge joined in and approved the waiver of a jury trial and the stipulation of evidence pursuant to *TEX. CODE CRIM.PROC.ANN. art. 1.13, 1.15* (Vernon 1977). The court made a further finding that the accused was fully competent. A judgment was entered in trial cause number 48997 which corresponds to the appellate number 09-88-241 CR. Hence, the trial court heard this cause on the merits.

Then, on a written plea bargain and as a part thereof, trial court cause numbers 48737, 49163, 49232 and 49313 were dismissed. Cause No. 49163 was a theft charge which was dismissed on the motion of the State. Cause No. 49232 was an aggravated robbery charge dismissed on

the motion of the State. Cause No. 49313 was an attempted aggravated robbery charge dismissed on the motion of the State. Hence, these matters are no longer pending. Finally, cause No. 48737 was a possession of controlled substance (Cocaine) charge which was dismissed on the motion of the State.

Cause No. 48737 corresponds to our appellate docket No. 09–88–116 CR; cause No. 49313 corresponds to our appellate docket No. 09–88–242 CR; cause No. 49232 corresponds to our appellate docket No. 09–88–243 CR; and, cause No. 49163 corresponds to our appellate docket No. 09–88–244 CR.

Hence, there is no case or controversy or charge pending against Riley as to the four dismissed charges or offenses. In addition to the above, the State had agreed not to proceed on an unindicted auto theft case.

The presiding trial judge, in a summary in his order, wrote in part, referring to Riley:

"[H]e entered into a written plea bargain which disposed of all pending cases. Thereafter, he sought relief from the 9th Court of Appeals.

"The Court directed the Clerk to locate the defendant so he could be appropriately served. The Texas Department of Corrections informed the Clerk that the Defendant was granted parole August 2, 1988."

Considering our order of August 25, 1988, and in view of the trial judge's findings and recitations pursuant thereto, I submit that this opinion sets out with more accuracy the matters before us; and I certainly think that it is fairer to the district judge, especially in view of the order of this court dated August 25, 1988. At this point, I certainly concur with the dismissal for want of jurisdiction but for different reasons and upon different grounds; hence, this concurrence is filed.

As described above, there was a hearing on the merits involving a plea of guilty and a complete and comprehensive plea bargaining agreement. Hence, these matters are settled or adjudicated or dismissed. They now are moot and Fred D. Riley, according to this record, is no longer incarcerated.

Also, it should be pointed out that, in *Ex Parte Noe, supra,* the Court of Criminal Appeals concluded that neither it, itself, nor the Court of Appeals, had jurisdiction where no notice of appeal is given and there is no showing of good cause for the absence of such notice.

Because the court's opinion decides this case relying upon *Ex parte Noe, supra,* and *Ex parte Moorehouse, supra,* I respectfully file this opinion because those two cases simply do not, in my view, govern or control the case subjudice. I, with respect, dissent from the court's rationale in relying upon *Noe, supra,* and *Moorehouse, supra.*

This opinion, I submit, more correctly reflects the record before us and more accurately sets out the realistic dispositions of the causes of action below; nor does this opinion leave the general impression that the trial court failed to have hearings or refused to have hearings on the several writs of habeas corpus filed by Fred D. Riley. This opinion clearly demonstrates that the trial court properly and completely disposed of these matters and causes of action after at least one full, meaningful hearing.

The record below, and here, clearly reflects that the applications for writs of habeas corpus were filed in the same trial cause number and under the same docket number as that of the underlying, substantive offense. The trial court's order, findings and recitation of the proceedings below demonstrate that the various applications for writs of habeas corpus were definitely not docketed or numbered separately.

The trial court's order and findings were made and filed pursuant to our order of August 25, 1988. In our order of August 25, 1988, we ordered the District Clerk of Jefferson County to prepare a transcript. We also ordered the preparation of a Statement of Facts, "if requested by the Appellant."

I concur with the ultimate disposition. But I would dismiss these various applica-

tions for writs of habeas corpus for want of jurisdiction because of a lack of any pending or viable case or controversy before us. I would not enter a dismissal based on *Noe, supra,* and *Moorehouse, supra,* because the facts and procedural posture of *Noe, supra,* and *Moorehouse, supra,* are vastly dissimilar to Riley's record.