IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-343-CR





EX PARTE: WALTER R. PYRON,



 APPELLANT




 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT,



NO. 90-679-K26, HONORABLE WILLIAM S. LOTT, JUDGE




 





PER CURIAM



 Walter Pyron seeks to appeal from an order of the
district court on his application for writ of habeas corpus. The
State has filed a motion to dismiss. Because this Court concludes
that the district court refused to issue the writ, the State's
motion will be granted and the appeal will be dismissed.

 On September 13, 1983, in Williamson County cause number
83-157-K, appellant was convicted of indecency with a child. 
Pursuant to a plea bargain agreement, appellant was sentenced to
imprisonment for ten years. On December 15, 1983, further
execution of sentence was suspended and appellant was placed on
probation. One of the conditions of probation is that appellant
shall not practice medicine during the term of probation. (1) 
Appellant did not appeal from this conviction.

 Appellant filed the instant application for writ of
habeas corpus in the district court on November 26, 1990. In it,
appellant complains that the condition of probation prohibiting him
from practicing medicine is unconstitutional and a violation of the
plea bargain agreement, that he was misled by confusing statements
by the court at trial, that he did not receive effective assistance
of counsel at trial, and that he was denied his right to appeal. (2)
 
The writ application was called for consideration by the district
court on December 6. The following is the full statement of facts
from that proceeding:


 THE COURT: I'll announce that in Cause No. 83-157-K,
that is an application for a Writ of Habeas Corpus, that
I have studied the petition and that it is manifest from
the petition that the applicant is entitled to no relief
whatsoever, and, accordingly, that the application for
Writ of Habeas Corpus is in all things denied.


 MR. MORGAN: Thank you Your Honor. Your Honor, for the
record, just in case. I don't think it's necessary, but
just in case, we would except to the Court's ruling, for
the record.


 THE COURT: I beg your pardon?


 MR. MORGAN: We would except to the Court's ruling, for
the record. I don't think it's necessary, it may only be
a formality at this point, but just for the record.


 THE COURT: All right. Fine.



The following day, the court entered an order containing findings
of facts "based on a review of the entire Court's file, including
transcriptions of court reporter's notes of hearings, the pre-sentence investigation and the Court's personal recollection of
matters which have occurred in the Courtroom." The order also
contains conclusions of law, the last of which is that "[i]t is
manifest from the petition itself that the applicant is entitled to
no relief whatsoever. Art. 11.15, Tex. Code Crim. Proc." The
order concludes by stating that "the application for writ of habeas
corpus is in all things DENIED."

 There is an important distinction between the denial of
a writ of habeas corpus and the denial of relief following issuance
of a writ of habeas corpus. This distinction has been explained as
follows:


 We are not unmindful of the fact that considerable
confusion has arisen because of the use of the expression
"the writ of habeas corpus is denied," where in fact the
writ has issued, a hearing provided and the court, after
hearing, has determined that the relief prayed for should
be denied. The proper order to be entered in such a case
would, of course, be that the relief prayed for is
denied, or some similar language to indicate that the
applicant's prayer for release from restraint is not
granted and he is to remain in custody.


 It is also recognized that some confusion exists as to
what orders in habeas corpus matters are appealable . . .
and what are not.


 We understand the rule to be that where an application
alleging unlawful restraint is presented to a judge, and
he declines to hear the prayer for relief and any proof
which may be offered in support thereof no appeal lies. 
In fact no order is necessary in such a case, the judge
merely having declined to hear the matter, the relief
available to the applicant being to present his
application to another judge having jurisdiction.


 On the other hand, if the judge to whom the application
for habeas corpus is presented grants the writ and, after
hearing the matter, determines from the evidence or from
the application, or from both, that the applicant is not
illegally restrained and he denies the relief prayed for
. . . an appeal lies . . . .


 . . .


 The nature of the proceeding and the question of its
appealable nature is not to be determined alone from the
form of the order entered, but the entire record may be
looked to.



Nichlos v. State, 255 S.W.2d 522, 526 (Tex. Cr. App. 1953) (opinion
on motion for rehearing). See and compare Ex parte Noe, 646 S.W.2d
230 (Tex. Cr. App. 1983); and Ex parte Hughes, 20 S.W.2d 1070 (Tex.
Cr. App. 1929) (application for writ of habeas corpus may be denied
even after a hearing).

 The district court's order and the record as a whole
clearly reveal that the court did not hold a hearing on the merits
of the allegations contained in appellant's application for writ of
habeas corpus. No testimony was taken at the December 6
proceeding. The findings of fact and conclusions of law were
expressly based on the application itself, the record of prior
proceedings (which were attached to the writ application as
exhibits), and the court's personal recollection. While not in
itself determinative, we note that the court's order denying the
application tracks the language of Tex. Code Cr. P. Ann. art. 11.15
(1977). We conclude that the district court refused to issue the
writ of habeas corpus, from which order no appeal lies to this
Court. Ex parte Johnson, 561 S.W.2d 841 (Tex. Cr. App. 1978).

 The State's motion to dismiss appeal is granted. For the
reasons stated, the appeal is dismissed.



[Before Chief Justice Carroll, Justices Aboussie and Jones]

Dismissed

Filed:  February 20, 1991

[Do Not Publish]
1. Appellant was a licensed physician at the time of the
offense. As part of the plea bargain, appellant surrendered his
license to practice medicine.
2. This is not the first time appellant has sought to set aside
his conviction, or at least the condition of probation prohibiting
the practice of medicine. On March 23, 1989, appellant filed a
motion for discharge from probation and dismissal of cause. In
this motion, as an alternative to discharge from probation,
appellant moved that the conditions of probation be amended to
delete the prohibition on the practice of medicine. The State
responded with its own motion to amend the conditions of probation. 
After a hearing, the State's motion was granted and appellant's
motion was denied.


 An application for writ of habeas corpus substantially
identical to the one before us was filed in the 368th district
court in June 1990. That court ordered the application dismissed
for want of jurisdiction. Appellant sought to appeal that order to
this Court, but the Clerk refused to file the transcript because no
appeal lies from a refusal to issue writ of habeas corpus. See Ex
parte Noe, 646 S.W.2d 230 (Tex. Cr. App. 1983). Appellant then
attempted to file an original application for writ of habeas corpus
in the Court of Criminal Appeals, but that court denied leave to
file. See Ex parte Renier, 734 S.W.2d 349 (Tex. Cr. App. 1987).