In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-405 CR


____________________



EX PARTE WILLIAM FOSTER






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 2012 (91660)






MEMORANDUM OPINION (1)



 This is an appeal from the denial of an application for writ of habeas corpus seeking
reduction in bail. The appeal presents two jurisdictional issues. On August 23, 2004, the
trial court denied William Foster's application for writ of habeas corpus without
conducting an evidentiary hearing or issuing the writ of habeas corpus. The notice of
appeal is dated September 22, 2004, but was filed on September 23, 2004, and appears to
have been hand delivered. 

 Notice of appeal is due thirty days after the day the court enters an appealable order. 
Tex. R. App. P. 26.2(a)(1). Foster does not address the State's contention that the notice
of appeal was not filed within the time permitted by the rules of appellate procedure, and
he did not file a motion for extension of time to file notice of appeal. See Tex. R. App.
P. 26.2(a)(1); 26.3. Assuming for the sake of argument that the notice of appeal was
timely under the "mailbox rule," the denial of the application for writ of habeas corpus is
not appealable. See Tex. R. App. P. 9.2(b); 31.1. No appeal lies from the refusal to issue
writ of habeas corpus unless the trial court conducts an evidentiary hearing on the merits
of the application. Ex parte Hargett, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991); Ex
parte Noe, 646 S.W.2d 230, 231 (Tex. Crim. App. 1983). Foster admits no hearing was
conducted, and the order makes no factual findings indicative of a ruling on the merits of
the request for relief. If the trial court refuses to issue the writ of habeas corpus or denies
a hearing on the merits, the applicant's remedy is "to present the application to another
district judge having jurisdiction, or under proper circumstances, to pursue a writ of
mandamus." Hargett, 819 S.W.2d at 868 (footnotes omitted).

 The notice of appeal filed in this case failed to invoke our jurisdiction. 
Accordingly, the appeal is dismissed for want of jurisdiction.

 APPEAL DISMISSED.











 ______________________________

 STEVE MCKEITHEN

 Chief Justice



Submitted February 3, 2005 

Opinion Delivered February 16, 2005

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Tex. R. App. P. 47.4.