Dismissed and Memorandum Opinion filed July 27, 2006








Dismissed and Memorandum Opinion filed July 27, 2006.

 

In The

 

Fourteenth Court of
Appeals

 

_______________

 

 

NO. 14-04-00972-CR

 

_______________

 

SALVADOR ARIAS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 749,048

                                                                                                                                               


M E M O R A N D U M   O P I N I O N

Salvador Arias appeals the revocation
of his post-conviction community supervision[1]
on the grounds that: (1) the trial court erred in refusing to consider and
grant his application for writ of habeas corpus; and (2) his conviction is void
due to a lack of evidence.  We dismiss for lack of jurisdiction.








Ordinarily, a defendant placed on
post-conviction community supervision may raise issues relating to the
conviction only in an appeal taken when community supervision is originally
imposed.  See Nix v. State, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). 
Here,  appellant argues that he falls into the following exceptions to this
rule: (1) the habeas corpus exception because he was denied effective
assistance of counsel when his trial attorney failed to investigate the facts
and review the applicable law before instructing him to enter the guilty plea;
and (2) the void judgment exception because there is no evidence to support his
conviction for forgery of a government instrument.

The habeas corpus exception has been
expressly abandoned by the Texas Court of Criminal Appeals.  See Jordan v.
State, 54 S.W.3d 783, 786 (Tex. Crim. App. 2001).  A probationer may now
seek that relief only by following the proper procedures to file a writ of
habeas corpus application.[2]  See id.  Because
nothing in our record reflects that appellant followed these procedures, his
first issue presents nothing for our review and is overruled.








The void judgment exception
recognizes that there are rare situations in which a judgment can be attacked
at any time due to a complete lack of power by the trial court to render it.  Nix,
65 S.W.3d at 667.  As relevant here, a judgment of conviction for a crime is
void where the record reflects that there is no evidence to support the
conviction.  Id. at 668.  However, to satisfy this requirement, there
must be a complete lack of evidence, rather than merely insufficient evidence,
and a guilty plea constitutes some evidence for this purpose.  Id. n.14.

Appellant argues that the allegations
in his charging instrument, even if true, show that he only possessed a forged
social security card, which is a Class A misdemeanor.  See Tex. Penal Code Ann. ' 37.10(c)(1) (Vernon 2003).  On the
contrary, however, appellant was charged with the felony offense of forgery
under section 32.21(a)(1)(C) and (e)(2), and he admitted the allegations of
that offense in writing in his guilty plea document.  See id. ' 32.21(a)(1)(C).  Therefore,
appellant=s second issue fails to establish the void judgment exception. 
Accordingly, we are without jurisdiction over appellant=s appeal and dismiss it.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed July 27, 2006.

Panel consists of Justices Fowler,
Edelman, and Guzman.

Do not publish C Tex.
R. App. P. 47.2(b).









[1]           Appellant pleaded guilty and was convicted
of forgery of a government document.





[2]           This court would have jurisdiction over an
appeal of the denial of a habeas corpus application seeking relief from a
judgment ordering community supervision, but not over a habeas corpus
application seeking relief from any other final conviction in a felony case,
such as a judgment revoking community supervision, because such an
application may be filed only in the Court of Criminal Appeals.  Compare Tex. Code Crim. Proc. Ann. art. 11.072 ' 8 (Vernon 2005) with id. art. 11.07 ' 3; see also Tex.
R. App. P. 31.  Conversely, if, as appellant complains, the trial court
declined to rule on a properly filed habeas application, as article 11.072
requires, appellant could have filed a petition for a writ of mandamus in this
court, requesting that the trial judge be ordered to rule on his application;
however, he has no right to appeal such a failure to rule. See  Tex. Code Crim. Proc. Ann. art. 11.072 ' 6(a) (2005) (AThe
trial court shall enter a written order granting or denying the relief sought
in the application.@);  Ex parte Noe, 646 S.W.2d 230, 231 (Tex.
Crim. App. 1983); Ex parte Cozzi, 138 S.W.3d 454, 455 (Tex. App.CFort Worth 2004, pet. ref=d).