

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE: | § | No. 08-23-00206-CR |
| ADRIAN CORDOVA-MORALES | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |
| | § | |

## MEMORANDUM OPINION

Appellant Adrian Cordova-Morales (Cordova-Morales) is a noncitizen who was arrested under Operation Lone Star (OLS) and charged with the misdemeanor offense of criminal trespass. Contending he was the subject of selective prosecution in violation of state and federal equal protection principles, Cordova-Morales filed an application for pretrial writ of habeas corpus requesting a habeas writ, evidentiary hearing, and dismissal of the underlying charge. Without issuing a writ or holding a hearing, the trial court denied his application. Cordova-Morales appealed, arguing the trial court erred in not granting his requested relief. We do not have jurisdiction over his appeal, but we consider his alternative mandamus request and conclude he has not established a right to mandamus relief.

# I. FACTUAL AND PROCEDURAL BACKGROUND

## A. Cordova-Morales's arrest and request for habeas relief

On March 6, 2021, Governor Greg Abbott directed the Texas Department of Public Safety (DPS) to initiate OLS, "to deter[] illegal border crossing and . . . prevent criminal activity along the border." *Ex parte Aparicio*, 672 S.W.3d 696, 701 (Tex. App.—San Antonio 2023, pet. granted). As part of OLS, Cordova-Morales was arrested for criminal trespass in Kinney County on January 26, 2023. On April 5, 2023, he filed an application for pretrial writ of habeas corpus seeking dismissal of the criminal charge. He argued that his rights had been violated under the United States Constitution's Equal Protection Clause and the Texas Constitution's Equal Rights Amendment, as the State was selectively prosecuting men, and not similarly situated women, for criminal trespass as part of OLS. *See* U.S. Const. amend. XIV; Tex. Const. art. I, § 3(a). Cordova-Morales attached several exhibits supporting his claim that the State had a policy of arresting only male immigrants for criminal trespass while referring similarly situated female immigrants to Border Patrol. The State did not file a response to the application.

On June 16, 2023, the trial court denied Cordova-Morales's application without issuing the writ or holding an evidentiary hearing. Cordova-Morales filed an appeal to the Fourth Court of Appeals, which was then transferred to this Court through a Texas Supreme Court docket equalization order. *See* Tex. R. App. P. 41.3.[1] As discussed below, we follow the Fourth Court of

---

[1] Rule 41.3 provides that "In cases transferred by the Supreme Court from one court of appeals to another, the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court. The court's opinion may state whether the outcome would have been different had the transferee court not been required to decide the case in accordance with the transferor court's precedent." Tex. R. App. P. 41.3

Appeals' precedent in affirming the trial court's decision without prejudice to Cordova-Morales's right to file a future habeas application. *Id*.

### B. *Aparicio* and its progeny

On June 21, 2023, five days after the trial court denied Cordova-Morales's application, the Fourth Court of Appeals issued its opinion in *Ex parte Aparicio*, 672 S.W. 3d 696. In that case, a noncitizen (Aparicio), who had been arrested for criminal trespass in Maverick County as part of OLS, filed a similar application for pretrial writ of habeas corpus, seeking dismissal of the charge against him, making an identical claim that the State was selectively prosecuting men under OLS in violation of his state and federal constitutional rights. *Id*. at 701. After holding a full evidentiary hearing on the question of whether the State had engaged in selective prosecution, the trial court denied the writ on its merits, finding that Aparicio's equal protection argument failed because the State could prosecute women if it "chose to." *Id.* at 706. The Fourth Court of Appeals disagreed, finding that Aparicio had met his initial burden of establishing a prima facie case of selective prosecute—the State had a "prosecutorial policy" "motivated by a discriminatory purpose" that resulted in a "discriminatory effect." *Id*. at 713. The court concluded that the State had not met its burden of establishing a justification for its policy of selectively prosecuting only males for criminal trespass. *Id*. The court therefore reversed the trial court's denial of Aparicio's application for pretrial writ of habeas corpus and remanded the matter to the trial court to "determine whether the State's discriminatory classification was justified" under both of his constitutional claims. *Id.* at 716.

The Fourth Court of Appeals has since decided several cases involving OLS prosecutions of men in which it found no justification for the State's discriminatory policy. *See, e.g.*, *State v. Gomez*, No. 04-22-00872-CR, 2023 WL 7552682 (Tex. App.—San Antonio Nov. 15, 2023, pet.

filed) (affirming trial court order granting OLS defendant's application for pretrial writ of habeas corpus based on his selective prosecution claim where State failed to meet its burden of justifying its discriminatory policy); *Ex parte Marcos-Callejas*, No. 04-23-00327-CR, 2024 WL 2164653, at *7 (Tex. App.—San Antonio May 15, 2024, no pet. h.) (reversing trial court order denying OLS defendant's application for pretrial writ of habeas corpus and ordering defendant's criminal case dismissed where the State failed to meet its burden of justifying its discriminatory policy).

### C. The issues before us

In his appeal, Cordova-Morales relies on *Aparicio* and its progeny to argue that he was subjected to the State's unjustified selective prosecution. On that basis, he asks us to reverse the trial court's order denying his application for pretrial writ of habeas corpus. Alternatively, he asks us to treat his appeal as a petition for a writ of mandamus and direct the trial court to grant his application. We can do neither.

## II. APPELLATE JURISDICTION

We start with the jurisdiction question. As the Fourth Court of Appeals has recognized, "[t]here is no right to an appeal when a trial court refuses to issue a habeas writ or dismisses or denies a habeas application without ruling on the merits of the applicant's claims." *Ex parte Molina Valencia*, No. 04-23-01044-CR, 2024 WL 1642923, at *1 (Tex. App.—San Antonio April 17, 2024, no pet.) (en banc) (citing *Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex. Crim. App. 2008)). Here, the trial court's order stated:

> ON this day came on to be heard the Application for Pretrial Writ of Habeas Corpus filed in the above entitled and number cause. The Court having considered same is of the opinion same should be:
>
> _X_ the Application is denied without hearing and the writ is not issued
>
> ___the Application is granted, and an in-person hearing will be held on _____

4

___the Application is granted, and the merits will be heard by submission of evidence . . .”

Cordova-Morales argues that because his application was “denied,” the court made a merits-based decision even though it did not formally issue a writ or hold a hearing on his application. We disagree. The Fourth Court of Appeals has interpreted orders issued by the same trial court using substantially similar language in denying an OLS defendant’s application for pretrial writ of habeas corpus as not constituting a merits-based ruling. *See, e.g.*, *In re Martinez-Jimenez*, No. 04-23-00547-CR, 2023 WL 7005866, at *2 (Tex. App.—San Antonio Oct. 25, 2023, no pet.) (mem. op., not designated for publication) (per curiam) (holding trial court’s order stating that “the Application is denied without issuing writ” was not a merits-based ruling); *Ex parte Molina Valencia*, 2024 WL 1642923, at *2 (same).

While we agree that a trial court may issue a merits-based ruling denying a writ application without issuing a writ or holding an evidentiary hearing, in those instances, the record must reflect that the trial court made a merits-based decision. *See Ex parte Cayetano-Vazquez*, No. 08-23-00196-CR, 2023 WL 8609282, at *4 (Tex. App.—El Paso Dec. 12, 2023, no pet.) (mem. op., not designated for publication) (recognizing that a trial court may issue a merits-based decision despite not following the typical procedure of formally issuing a writ and holding a hearing, if the record demonstrates that it ruled on the merits of the application) (citing *Ex parte Villanueva*, 252 S.W.3d at 395 (recognizing that even when the trial court has not formally issued a writ, if the court rules on the merits, the court has “in effect, issued the writ”)).

Here, neither the trial court’s order nor the record reflect a merits-based ruling on Cordova-Morales’s application. *See Ex parte Molina Valencia*, 2024 WL 1642923, at *2 (finding nothing in the record to suggest that the trial court considered the merits of the defendant’s habeas

application, where trial court did not issue a writ, hold a hearing, or indicate in its order that it was ruling on the merits of the application). We therefore conclude that we lack jurisdiction over the appeal. *Id.* at *2 (where nothing in the record suggested that the trial court made a merits-based decision on the defendant's habeas claim, court lacked jurisdiction to review his appeal); *see also Ex parte Noe*, 646 S.W.2d 230, 231 (Tex. Crim. App. 1983) (en banc) (recognizing that when a trial court does not issue a decision on the merits of the habeas claims, there is no right to appeal).

### III. REQUEST TO TREAT HABEAS APPEAL AS MANDAMUS PETITION

We next consider Cordova-Morales's request that we treat his appeal as a petition for a writ of mandamus in the alternative. An appellate court may, in certain circumstances, treat an appeal from the denial of a habeas application as a petition for writ of mandamus if the appellant so requests. *See Molina Valencia*, 2024 WL 1642923, at *2 (citing *CMH Homes v. Perez*, 340 S.W.3d 444, 452–54 (Tex. 2011); *see also Ex parte Rodriguez-Delgado*, 2023 WL 8284410, at *5–6 (recognizing same in context of OLS filings). Given Cordova-Morales's request, we will treat his appeal as a mandamus petition.

In light of recent Fourth Court of Appeals' precedent, we conclude that Cordova-Morales has not established a right to mandamus relief. To be entitled to mandamus relief, the relator must establish (1) "that he has no adequate remedy at law to redress his alleged harm,' and (2) 'that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision.'" *Molina Valencia*, 2024 WL 1642923, at *2 (citing *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007)). Having concluded that we have no jurisdiction to consider Cordova-Morales's appeal, we agree that he has no adequate remedy at law to address the trial court's denial of his application. However, we conclude that he did not satisfy the ministerial-act requirement. *Id*. at * 2–5.

6

"To satisfy the ministerial-act requirement, the relief sought must be clear and indisputable such that its merits are beyond dispute and there is nothing left to the exercise of discretion or judgment." *Id.* at *3. In turn, "[a] clear right to relief is shown when the facts and circumstances dictate but one decision 'under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles.'" *Id.* (citing *In re City of Lubbock*, 666 S.W.3d 546, 553 (Tex. Crim. App. 2023) (Keller, P.J., concurring)). "Mandamus relief is inappropriate, however, 'if the law surrounding the court's action is unclear' or if the proposition of law on which relief is predicated is unsettled." *Id.* (citing *State ex rel. Wice v. Fifth Jud. Dist. Ct. of Appeals*, 581 S.W.3d 189, 194 (Tex. Crim. App. 2018); *In re Meza*, 611 S.W.3d 383, 396 (Tex. Crim. App. 2020)).

Prior to the Fourth Court of Appeals' opinion in *Aparicio*, the law had not clearly and unequivocally established that a selective prosecution claim was cognizable in a pretrial habeas application. *Id.* at *4. Therefore, an OLS defendant was not entitled to mandamus relief where the trial court denied his application for pretrial writ of habeas corpus raising a selective prosecution claim before *Aparicio* because the law was not settled at the time. *Id.*; *see also Lubbock*, 666 S.W.3d at 567 (Keller, P.J., concurring) ("In most criminal cases, the extraordinary mechanism of mandamus (or prohibition) will not be available to resolve unsettled law.")).

Accordingly, given the Fourth Court of Appeals' precedent, we deny Cordova-Morales's petition for a writ of mandamus.[2] *Id.* at 4–5 (citing Tex. R. App. P. 52.8(a) ("If the court

---

[2] Prior to the *Molina Valencia* opinion, we ruled on a series of cases in which the same trial court denied applications filed by OLS defendants seeking pretrial habeas relief shortly before the *Aparicio* opinion issued. In those cases, we similarly determined that the trial court had not made a merits-based ruling and the defendant could not appeal from the order but we could treat the appeal as a petition for a writ of mandamus in the alternative. Following the Fourth Court of Appeals' precedent at the time, we remanded the matters to the trial court to reconsider its decision in each case in light of the holding in *Aparicio* and denied the petitions for writ of mandamus without prejudice to the defendants' ability to seek relief, if necessary, after the trial court had the opportunity to reconsider its ruling. *See Ex parte Cayetano-Vazquez*, No. 08-23-00196-CR, 2023 WL 8609282, at *7 (Tex. App.—El Paso Dec. 12, 2023, no pet.)

determines from the petition and any response and reply that the relator is not entitled to the relief sought, the court must deny the petition").

## IV. CONCLUSION

Because the trial court did not make a merits-based ruling on Cordova-Morales's application for pretrial writ of habeas corpus, we lack jurisdiction to review his habeas appeal and treat it instead as a writ of mandamus. We conclude that he did not meet the requirements for mandamus relief. We therefore deny the petition without prejudice to his right to seek relief in a future habeas application.

LISA J. SOTO, Justice

July 30, 2024

Before, Alley, CJ, and Palafox and Soto, JJ.

(Do Not Publish)

---

(mem. op., not designated for publication); *Ex parte Rodriguez-Delgado*, No. 08-23-00200-CR, 2023 WL 8284410, at *6 (Tex. App.—El Paso Nov. 30, 2023, no pet.) (mem. op., not designated for publication); *Ex parte Recendis-Martinez*, No. 08-23-00202-CR, 2023 WL 8285829, at *6 (Tex. App.—El Paso Nov. 30, 2023, no pet.) (mem. op., not designated for publication); *Ex parte Pena-Cortes*, No. 08-23-00204-CR, 2023 WL 8285818, at *6 (Tex. App.—El Paso Nov. 30, 2023, no pet.) (mem. op., not designated for publication); *Ex parte Frias-Gutierrez*, No. 08-23-00203-CR, 2023 WL 8285826, at *6 (Tex. App.—El Paso Nov. 30, 2023, no pet.) (mem. op., not designated for publication). Here, however, we follow the Fourth Court of Appeals' most recent precedent in resolving Cordova-Morales's case, which leads us to not to remand to the trial court as we have done in the past.